CARY McADOW, *Executor*, v. MARY E. HASSARD *et al.*

No. 9262.

1. WIFE AS WITNESS—*in own behalf, competent to testify as to agency of husband.* A wife may testify in her own behalf, in a suit between herself and another, to the creation by her of an agency in her husband, and to its execution by him.

2. CREDITOR'S SUIT—*on the facts, not maintainable to subject for husband's debt land purchased by him in wife's name.* The value of material sold to a husband on credit and erected by him into a building which is thereafter exchanged by him for other property, and such property in turn converted into land, the title to which is put in his wife's name in fulfillment of an agreement to purchase it with the wife's funds theretofore intrusted to the husband for such purpose, cannot be pursued into such land and an equitable lien therefor be impressed upon the same.

3. —— *on the facts, wife not, as against husband's creditors, estopped from claiming property intrusted to him.* A wife is not estopped as against her husband's creditors to claim a return of property belonging to her, which the husband had been using as his own but which had been intrusted to him for the wife's use, where it does not appear that credit had been extended to the husband upon the strength of his apparent ownership of such property and that the wife knew or ought to have known that such extension of credit was made upon the strength of such appearance.

Error from Coffey District Court. Hon. W. A. Randolph, Judge. Opinion filed May 8, 1897. *Affirmed.*

*M. T. C. Williams* and *G. E. Manchester*, for plaintiff in error.

*W. A. Johnson* and *J. G. Johnson*, for defendants in error.

DOSTER, C. J. James F. McAdow, the testator of plaintiff in error, furnished material to C. A. Mather for erection into a building in Kansas City, Mo. The indebtedness therefor was not paid, and a judgment was sued for and recovered thereon. Soon after the

erection of the building, Mr. Mather traded it for gas-light bonds of Moberly, Mo. ; and, in turn, exchanged the bonds, together with some other property, for the real estate which forms the subject of this suit. The title to such real estate was taken in the name of his wife ; fraudulently, as the McAdows claim, to put it out of the reach of creditors.

On the other hand, it is claimed that the transaction was, in part, a purchase by the wife with money in her husband's hands which she had given him to invest for her, and, in part, an exchange of real estate belonging to her and which stood in her name.

Mather is dead. His widow has re-married, and is now Mary E. Hassard, the principal defendant in error.

Upon the assumption of the fraudulent character of the transfer of the real estate to the wife, an action in the nature of a creditor's bill to subject such real estate to the lien of the judgment theretofore rendered, was commenced.

These are all the relevant facts. A trial by the court was had, followed by a general finding and a judgment in favor of the defendants, from which judgment the plaintiff prosecutes error to this court.

All disputed questions of fact found by the court, upon admissible testimony, in favor of the defendants in error, must likewise be resolved by us. The first question relates to such admissibility of testimony.

Mrs. Hassard was permitted to testify that she intrusted several thousand dollars of her funds to her former husband to invest for her ; that the greater portion of such funds was in his hands at the time of the purchase of the property in question, and that she had directed its investment in such property. An objection to her competency as a witness under the third paragraph of section 323 of the Civil Code, was over-

ruled.  There was no error in this ruling.  The wife was not testifying for her husband nor against him. She was testifying to an agency conferred upon her husband and its execution by him ; and her testimony to such agency would have been permissible even had it been for her husband or against him.  Now, unless the statute limits the right of the wife to testify to an agency in the husband to cases where the testimony is given for or against him alone, she would have the right to testify to such agency in her own behalf and against a third person. The operation of the statute is not, we think, to be limited by any close and narrow construction to cases where the wife simply testifies for or against her husband.  Neither can it be said that the wife's testimony to the creation of the agency in question was testimony concerning communications between husband and wife, and, therefore, prohibited by the latter clause of the paragraph of the section under construction.  Whatever communications are comprehended within this clause, certain it is, that communications in creation of an agency are not included ; because, if so, it would nullify in such respect the first clause, which permits testimony of communications in creation of such agency.

1. Wife may testify in own behalf.

It is also claimed that it does not appear that the wife's money intrusted to the husband for investment was used in the purchase of the real estate in question, but that the gas-light bonds, exchanged for the building into the construction of which plaintiff's material had gone, were used to effect such purchase ; and that plaintiff was entitled to follow, through its several transformations, into the land in suit, the fund which had thus been, in part, created out of his property, or rather out of the credit for such property which had

2. Creditor's suit not maintainable, when.

been extended to Mr. Mather; to support which *Long Brothers v. Murphy* (27 Kan. 375) is cited. That case, however, was unlike this. The facts of insolvency and fraudulent intent were clearly made out in it, while in this, the court finds against the charge of fraud, and the fact of insolvency is not made out as of the time of the transfer. Besides, in that case, the property for which credit had been obtained was put by the debtor into a homestead for himself; while in this case, to put it in the strongest possible light for the plaintiff, it was simply transferred to another creditor with an equally meritorious claim. If the doctrine of equitable pursuit of funds is to be given application, it may as well be allowed in favor of the wife, for the preservation of the money which she intrusted to her husband to invest for her in the very lands in suit, and which he did invest after a transposition of the gas-light bonds for the same. The homestead which it is said Mather acquired in a portion of the land conveyed to his wife, and because of which this case is likened to that of *Long Brothers v. Murphy*, supra, resulted to him as an incident of the conveyance to her — as an incident of what the court found to be a purchase by her — and was not, as in the case cited, the end aimed at in the transaction.

It is said that the evidence discloses that, down to the time of the purchase of the land in suit, Mrs. Mather, as she then was, allowed her husband to keep all the visible property either of them had in his own name, and to do business upon it as though it were his own; and that the law will not now allow her to assume the role of a creditor of his, to the disadvantage of those who trusted him upon the strength of such property being his. If it had been shown that the money which finally found its way into the land in

3. **Wife not estopped from claiming property, etc.** question had been turned over to the hus-. band to use as though it were his own, instead of being money which had been intrusted to him for the specific purpose of buying the land ; and if it had also been shown that the wife knew, or·ought to have known, of the extension of credit to the husband upon the strength of such false appearance, and had it also been shown that plaintiff relied upon such appearance and extended the credit in question because thereof, the claim would be well founded ; but none of these circumstances was shown, and without a showing of the same no estoppel arises.

Some exceptions were taken to evidence tending to show *bona fides* in Mather in putting the land in his wife's name, and to the court's refusal to allow a cross-examination thereon, but, in our view, they are without merit.

The judgment of the court below is affirmed.