Treiber v. McCormack.

---

CAROLINE TREIBER, *Appellant,* v. MARGARET MCCOR-MACK, as Administratrix, etc., et al., *Appellées.*

No. 18,073.

SYLLABUS BY THE COURT.

1. WITNESSES—*Husband and Wife—For or Against Each Other.* The husband and wife are competent witnesses for or against each other concerning transactions in which one acted as the agent of the other, notwithstanding the fact that in the revision of the code (§ 321) there is no express provision to that effect.

2. MOTION FOR NEW TRIAL—*When Unnecessary to Set Forth Excluded Evidence.* Section 307 of the civil code, providing that where the ground of a motion for a new trial is the exclusion of evidence, such evidence shall be produced at the hearing, is held not to apply where it appears from the testimony of the witnesses themselves given at the trial what the evidence would have been had it not been excluded.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed November 8, 1913. Reversed.

*E. C. Warfel,* of Topeka, *W. F. Challis,* and *E. C. Brookens,* both of Westmoreland, for the appellant.

*Maurice Murphy,* of St. Marys, *A. E. Crane, F. T. Woodburn,* and *E. D. Woodburn,* all of Holton, for appellee Margaret McCormack.

The opinion of the court was delivered by

PORTER, J.: Practically the only question to be decided in this case is whether the husband and wife are competent witnesses for or against each other concerning transactions in which one acted as the agent of the other. The plaintiff brought suit to recover damages for the breach of an oral agreement with the defendants and three other landowners to build a dike to protect the land of all the parties from the overflow of Bourbony creek in Shawnee county. She alleges that the levee or dike was to be built meandering along the west bank of the creek, and that each party was to build seventeen rods; that all the parties except the defendants performed their part of the agreement; but the defendants, instead of building on top of the old levee as they had agreed, built on lower ground; that their portions of the levee were built of poor material and not of the required height. Relying on the agreement, she alleges that she planted a crop on her land and that in the spring of 1907 it was destroyed by an overflow from the creek caused wholly by the neglect and failure of the defendants to perform their part of the agreement.

The cause was tried before a jury. At the close of plaintiff's evidence the court sustained a demurrer. The errors relate to the exclusion of testimony and the refusal to grant a new trial. The plaintiff sought to prove by her husband that he made the agreement with the other landowners and that his wife authorized him to do this for her. The court refused to permit him to state that his wife owned the land; that he

managed and looked after the planting of the crops
and the building of the levee; that his wife authorized
him to act for her with respect to the contract. The
plaintiff herself was a witness, but the court refused
to permit her to state that her husband was her agent
in the transaction or that she employed him to act in
the making of the contract, or even that she knew that
the work was being done and consented to it. The de-
fendants, in their brief, claim that the demurrer was
properly sustained because the evidence did not dis-
close that the plaintiff had anything to do with build-
ing the dike, "nor did it show that any one acted for
her." But the plaintiff's claim is that the court would
not permit her to prove these facts. The precise ques-
tion is ignored in the defendant's brief, or dismissed
with the mere statement that the court properly sus-
tained objections to communications had between the
husband and wife. It is apparent, however, that the
trial court sustained most of the objections to plain-
tiff's evidence upon the theory that, since the adoption
of the new code, the husband and wife are incompetent
to testify for or against each other concerning trans-
actions in which one acted·as the agent of the other.

The third paragraph of section 321 of the civil code
provides that the following persons shall be incom-
petent to testify:

"Third, husband and wife, for or against each other,
concerning any communication made by one to the
other during the marriage, whether called while that
relation subsisted or afterward."

The third clause of the same paragraph of the old
law (former Civ. Code, § 323, Gen. Stat. 1901, § 4771)
made the husband and wife incompetent to testify "for
or against each other, except concerning transactions
in which one acted as the agent of the other, or when
they are joint parties and have joint interest in the
action; but in no case shall either be permitted to tes-
tify concerning any communication made by one to the

other during the marriage, whether called while that relation subsisted, or afterwards."

Before the change in the statute, it was a settled law in this state that the wife may testify in her own behalf to the fact that she had authorized her husband to act as her agent and that he had so acted in her behalf. (*McAdow v. Hassard,* 58 Kan. 171, 48 Pac. 846; *Green v. McCracken,* 64 Kan. 330, 335, 67 Pac. 857.) It was likewise settled that when the agency of the husband is thus established he is a competent witness to testify to transactions between himself personally as her agent and third parties. (*Douglass, Sheriff, v. Hill,* 29 Kan. 527.) In the opinion Justice Brewer, speaking for the court, said:

"She testified that she had money of her own which she received from England; that she turned it over to her husband, who loaned and managed it as her agent. . . . Now whether she could testify as to what she said to her husband, or to what her husband said to her, or as to any communications between them, here was enough and competent testimony to show *prima facie* that he was acting as her agent. Therefore he was a competent witness to testify as to all the dealings and transactions." (p. 530.)

In *W. & W. Rld. Co. v. Kuhn,* 38 Kan. 104, 16 Pac. 75, it was held that:

"An agent may testify as to his authority to act for his principal, and this rule is not changed by the fact that the agent is the husband of the plaintiff." (Syl. ¶ 6.)

The modern tendency of courts is to look with disfavor upon any attempt to extend by implication statutory prohibitions against the qualifications of witnesses. (*Hess v. Hartwig,* 83 Kan. 592, 594, 112 Pac. 99.) Such statutes are always construed strictly in favor of the competency of the witness. (*Mendenhall v. School District,* 76 Kan. 173, 175, 90 Pac. 773.) In view of these considerations, and especially keeping in mind the former decisions of this court, it will not be assumed

that the legislature intended by the change in the language of the third subdivision of section 321 to place further restrictions upon the competency of husband and wife to testify. On the other hand, the presumption is that if in fact any substantial change in the law was contemplated, the authors of the new code intended to broaden rather than to restrict the qualifications of witnesses. The prohibition against testimony as to communications between husband and wife was allowed to stand as it was. But this had been construed not to prevent testimony concerning transactions where one acted as the agent for the other; and it was probably deemed unnecessary to make an exception of something which had been repeatedly held not to fall within the rule. Besides, it seems obvious that, had the legislature intended to make such a radical change in the law, it would, especially in view of the former decisions, have so declared in explicit terms. The language of the statute as it now reads must be held to mean exactly what the same language meant before the revision. Moreover, the only way in which the prohibition can be construed so as to disqualify the witnesses in a case like the present is to extend by implication the language of the statute; this courts decline to do, and as a rule construe such statutory provisions strictly in favor of the competency of the witness.

It is insisted that the failure of the plaintiff to comply with the statutory requirement that evidence ruled out by the trial court must be offered upon the hearing of the motion for a new trial prevents a consideration of the error. The statute (Civ. Code, § 307) was never intended to require a useless offer of evidence where the record informs the trial judge of the nature of the evidence as fully as affidavits or oral testimony of the witnesses themselves could possibly inform him. To insist upon a rigid compliance with the rule in the present case would work a plain miscarriage of justice. From the answers that were attempted to be made, and

which in some instances were partly made by the wit-
nesses, the trial court was obviously aware, as is this
court, of exactly what the evidence would have shown
had it not been excluded. Where the reason for the rule
fails the rule should not be applied. One purpose of the
statute was to enable the trial court, on the motion for
a new trial, to consider the excluded evidence, and if
satisfied that it should have been admitted, grant a new
trial, or where the cause was tried to the court or a
referee, make such modifications or changes in the judg-
ment as the facts require. Another purpose of the
statute was to prevent the defeated party from seeking
a reversal for error in the exclusion of evidence which,
had the ruling been in his favor, he might not have been
able to produce.

It sufficiently appears by the testimony of the plain-
tiff and her husband what the evidence would have been
had it been admitted. In a number of instances the
plaintiff testified to enough facts to show the character
of her testimony. She said at different times that she
gave her husband full power to act for her, and this was
stricken out by the court upon objection.

Since there must be a new trial, it is proper to call
attention to a number of rulings excluding evidence of
both the husband and wife on the ground that the
answer called for a conclusion. We are aware of no
reason why the plaintiff should not have been permitted
to testify where her farm was located, her ownership
of it, who owned the crop that was destroyed, the neces-
sity and occasion for building a levee, who constructed
it, that she authorized her husband to attend the meet-
ing of landowners and represent her as her agent, what
portion of the levee was built by her, whether she rati-
fied and approved the arrangement made by her hus-
band with the other landowners, that she knew the
work was being done partly for her benefit. Many
other answers should have been admitted which were

Baker v. Railway Co.

ruled out on the ground that they called for a conclusion or that they were irrelevant and immaterial.

It follows from what has been said that the judgment will be reversed and a new trial ordered.

JOHNSTON, C. J. (dissenting) : I dissent from paragraph 2 of the syllabus and that portion of the opinion which holds it to be unnecessary to produce excluded evidence on a motion for a new trial, as required by section 307 of the civil code. (*Clark v. Morris*, 88 Kan. 752, 129 Pac. 1195; *Caldwell v. Modern Woodmen*, 89 Kan. 11, 130 Pac. 642; *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617.)