No. 23,074.

R. L. JAMISON and MARY JAMISON, Partners doing business as
THE BROADWELL GRAIN & LUMBER COMPANY, Appellees, v.
M. W. CARDWELL, doing business as THE M. W. CARDWELL
GRAIN COMPANY, Appellant.

SYLLABUS BY THE COURT.

1. SALE OF GRAIN—Motion for New Trial—Excluded Evidence Not Pro-
duced on Hearing of Motion—Cannot Be Considered on Appeal. The
requirement of the statute that where a motion for a new trial is based
upon the exclusion of evidence, such evidence must be produced on
the hearing of the motion by affidavit, deposition or oral testimony, is
not met by including in the offer of proof an unverified statement of
the facts proposed to be shown by the witness who is upon the stand
and whose testimony is excluded.

2. SAME—Special Findings—Verdict. The special findings are held not
to require a judgment contrary to the general verdict.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed March 12, 1921. Affirmed.

Tinkham Veale, of Topeka, for the appellant.

E. S. Quinton, of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: A partnership doing business as Broadwell
Grain & Lumber Company sued M. W. Cardwell for the balance
of the purchase price of three cars of No. 3 corn shipped to him
at Topeka from a point in Iowa. The defendant answered to
the effect that this corn and that of a car previously shipped
graded No. 4 instead of No. 3, and that he had paid in full for
all of it on this basis. The only controversy between the parties
had relation to the grade of the corn. A verdict was returned
in favor of the plaintiff on which judgment was rendered. The
defendant appeals.

1. The defendant complains of the rejection of evidence
offered in his behalf concerning the result of an inspection of
one car. This evidence was not "produced at the hearing of the
motion [for a new trial] by affidavit, deposition or oral testi-
mony of the witnesses," as the statute requires (Gen. Stat.
1915, § 7209), and therefore, as has often been decided, its ex-

clusion cannot be made the basis of a reversal. When the evidence was offered, the witness being upon the stand, a sufficient statement of its character was made to advise the court what it was intended to prove, but this is not enough. The statute requires the party tendering the rejected testimony not only to indicate what he expects to prove by it, but also to demonstrate by the oath of the witness that he is able to make good his offer. If the mere production of a witness and an offer to make proof by him would satisfy the statute much of its benefit would be lost. The defendant conceives that a contrary rule was declared in *Treiber v. McCormack,* 90 Kan. 675, 136 Pac. 268. There, however, the witness whose evidence was ruled out actually testified at the trial to the substance of the matter sought to be proved by him. It may be said in passing that the offer which was rejected in the present case was to prove an unofficial inspection of one of the cars of corn for the price of which the action was brought. As an agreement was shown that a reduction in the contract price was to be made if the corn was graded No. 4 by a Federal inspector, the ruling excluding the evidence would appear to have been correct, particularly as the jury found specifically that the defendant prevented an official inspection by stating that the matter had been settled.

2. The only other ruling complained of is the refusal of the court to render judgment in favor of the defendant upon the special findings. The evidence showed that the parties agreed that if the corn in any of the shipments referred to in the plaintiff's petition upon inspection by the Federal grain inspector should grade No. 4, the contract price therefor should be reduced to $1.28. One of the cars included in the contracts sued upon was graded No. 4 by the Federal inspector and was paid for on that basis, being thus taken out of the controversy. The jury found that another of these cars was inspected by the Federal inspector and graded No. 4, but that the sample used was imperfect. Evidence was introduced that under the Federal rules a reinspection could be called for within forty-eight hours from the first inspection, and the jury further found that the plaintiff requested a reinspection of the car referred to. There was evidence that the reason no reinspection was made was because the defendant told the inspector there was no occasion for it—that the matter had been settled. In view of these facts

it is clear that the finding that the corn in the car had been graded as No. 4 was not sufficient to relieve the defendant from liability for the contract price therefor.

With respect to the remaining car of the three referred to in the petition the jury specifically found that the defendant prevented its being inspected and graded, by stating that the matter had been settled, so that his right to a rebate thereon was expressly negatived.

This disposes of all the cars excepting the one shipped before the making of the contract sued upon. There was evidence that this car upon its arrival at Topeka was inspected by a Federal inspector and graded No. 4; that on being notified of this, and within forty-eight hours of the inspection, the plaintiff wired the inspector asking a reinspection; but that the defendant diverted the car to Antelope, Kan., and no reinspection was made. The jury found in response to special questions that the car was so diverted before any request was received by the defendant from the plaintiff to have it reinspected, and that the defendant did not prevent the plaintiff from going to Antelope to have it graded. There was evidence tending to show that the corn when shipped was in fact of No. 3 grade. The findings are consistent with a judgment in favor of the defendant with respect to his claim of rebate on this car, but they do not compel such a judgment, because they do not exclude every reasonable theory, tenable under the pleadings and undisputed facts, upon which the jury might have properly found in favor of the plaintiff on that issue; for instance, they do not exclude the hypothesis that the defendant purposely diverted the car in anticipation of a call for a reinspection in order to avoid it. The abstract contains neither the instructions of the court nor a statement of the full scope of the evidence, and it cannot be said that the general verdict may not have been based on that theory, particularly in view of the specific finding as to the defendant's having prevented the reinspection of one of the cars by representing that the matter had been settled.

The judgment is affirmed.