No. 27,156.

FRANK L. BROWN, *Appellee*, v. C. Q. KAUFMAN, *Appellant*.

SYLLABUS BY THE COURT.

1. SALES—*Acceptance—Inspection and Approval—Use for More than Specified Time.* In a contract for the sale of a machine, parties may legally stipulate for a test of the machine within a specified time as to whether it is in good condition and can be successfully operated and that if not satisfactory, the buyer shall give the seller a writen notice of discovered defects and an opportunity to overcome them and further that the use of a machine for more than the specified time after the first use of it shall be deemed conclusive evidence that it complies with the representations made by the seller. In a controversy between the parties such a contract is controlling as to their respective rights.

2. SAME—*Rescission—Failure of Purchaser to Comply With Contract.* Under the evidence in the case, it is held that the buyer did not sufficiently comply with the requirements of the contract on his part to warrant him in claiming a rescission of it or a discharge from his obligation to pay for the machine.

3. NEW TRIAL—*Exclusion of Testimony—Necessity of Showing Proof on Motion.* A party who fails to produce on his motion for a new trial offered testimony which was excluded by the trial court and to demonstrate by affidavit, deposition or oral testimony, what he expected to prove by such testimony, and further that he could have made good his offer, cannot make the exclusion of the testimony a basis for a reversal of the judgment.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 7, 1927. Affirmed.

*Sullivan Lomax* and *Otho W. Lomax,* both of Cherryvale, for the appellant.
*Dallas W. Knapp* and *Charles D. Welch,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action was brought by Frank L. Brown upon a promissory note for $1,100, executed by the defendant on March 24, 1923, in purchase of a tractor, which became due July 15, 1923. The plaintiff recovered and defendant appeals.

The sale contract was in writing and recited that the tractor was sold for $1,300 and in part payment the defendant turned over his old tractor at a valuation of $200 and gave his note for $1,100, the balance of the purchase price. The execution of the note was ad-

Appeal and Error, 3 C. J. pp. 976 n. 27, 978 n. 37. Sales, 35 Cyc. pp. 141 n. 74, 142 n. 75, 234 n. 21, 236 n. 39, 238 n. 55, 239 n. 65; 27 A. L. R. 524; 23 R. C. L. 1434.

mitted but defendant pleaded that he was induced to enter into the contract of purchase by false and fraudulent representations, in that it was represented to be a new tractor, whereas it had been used as a demonstrator for a long time, that the tractor was defective in that the cooling system was too small and insufficient so that it could not be operated successfully. He alleged that when the defects were discovered he notified the plaintiff, who sent representatives to remedy the defects, but that they were unable to do so, and that finally he rescinded the contract and returned the tractor to plaintiff's place of business, and demanded the return of his old tractor and the return of his promissory note, which plaintiff refused to do. He asked judgment for $200, the value of the old tractor and that his note be canceled.

The burden of proof was placed upon the defendant, and after his evidence had been introduced, plaintiff demurred to the evidence on the ground that it did not tend to prove any cause of action or defense in favor of the defendant. The demurrer was sustained and judgment given against defendant for the amount due upon the note. In the written contract the tractor was warranted "to be well made, of good material and in a workmanlike manner, and any piece or part that proves defective within 30 days to be made good at the factory at Peoria, Ill., free of charge." The contract also contained a stipulation that:

"If within six (6) days from the first starting of said machinery, the purchaser is not satisfied that said machinery can be made to operate and do the work as above, he hereby agrees to notify the seller in writing, stating clearly which part of the machinery as above indicated, in his opinion, is not performing as herein represented and on receipt of such written notice setting forth specifically the difficulty and asking for a service man to make the machinery perform as above, the seller will send a service man as soon as possible after such notice is received, and a reasonable time shall be allowed for such service man to reach the machine."

And there was a further stipulation that:

"Failure to give such notice in any respect, or failure to render necessary and friendly assistance, or any attempts to arrange with anyone to do anything that will militate against the successful operation of the above machinery, or any part thereof, or to pay above-described notes when due, shall be a waiver by the purchaser of all rights under these representations. It is agreed that the use of said machinery after the expiration of the period of six days subsequent to the first use of the machine shall be deemed and considered conclusive proof that the same is in all respects as herein represented."

The evidence showed that the tractor was purchased on February

13, 1923, when the contract was executed and on that day defendant drove the tractor to his farm, a distance of about three miles. He used it several times in March to grind feed and found that it ran all right, and he also used it for grinding feed in June of that year, and shortly afterwards used it in cutting about twenty-five acres of wheat and still later used it in threshing about 1,800 bushels of wheat. He stated that in harvesting and threshing the engine heated to some extent and knocked a good deal. In July he began plowing with the tractor and found that the engine became hot and he then notified the plaintiff of the defects. He stated that he didn't test the tractor for plowing until sometime in July for the reason that he had no land to be plowed except one in which there were stumps, where a tractor could not be used.

The written contract is controlling as to the rights of the respective parties in this controversy. Under the contract it devolved upon the defendant to test the tractor and if not satisfied with its condition and operation to notify the seller in writing as to claimed defects and give him an opportunity to send a service man to correct them, and the buyer was required to render necessary assistance in testing or putting the machine in condition for successful operation. The defendant agreed that the use of the machine more than six days after the first use of it should be deemed conclusive proof that it complied with the representations made. It was tested and used by defendant from February to July in grinding feed, cutting wheat and threshing it, without complaint, and he did not give the required notice until about the time this note became due. It is obvious that there was no such compliance with the conditions of the contract as warranted a rescission of it or of the repudiation of his obligation. The time for testing the machine and the giving of notice of defects as to condition and operation was quite brief, but it was a stipulation that the parties could legally make. The time to have obtained more liberal or favorable terms as to quality, condition and operation was when the contract was executed. Not having complied with the conditions agreed upon in the testing of the machine, and having used it without complaint or notice of defects, not only for the prescribed period fixed by the written contract, but for a period of more than four months, defendant therefore had no right to a rescission of the contract, and his obligation to pay his note became absolute. (*Iron Co. v. Henneberry Co.*, 103 Kan. 647, 175 Pac. 986.)

It is contended that objections to the admission of evidence offered

were improperly sustained. On the motion for a new trial, however, the rejected testimony was not produced as the code requires. Under that provision the complaining party must have produced the proposed evidence on the motion for a new trial, making a showing of what he intended to prove by the excluded testimony and also to demonstrate by affidavit, deposition or oral testimony that he was able to make good his offer. (R. S. 60-3004. See, also, *Grain & Lumber Co. v. Grain Co.,* 108 Kan. 631, 196 Pac. 424.)

The offered testimony does not fall within any valid exception to this rule and hence the exclusion of it cannot be made the basis for a reversal.

The judgment is affirmed.