MARY WIBLE, *Appellee*, v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant*.

No. 17,652.

SYLLABUS BY THE COURT.

VERDICT—*Conflicting Evidence.* The verdict was supported by the evidence of the plaintiff and was approved by the trial court. The fact that her version of the way the injury occurred was contrary to that of the five witnesses for the defendant does not warrant this court in ordering the verdict set aside.

Appeal from Wyandotte district court, division No. 2. Opinion filed November 9, 1912. Affirmed.

*O. L. Miller,* and *C. A. Miller,* both of Kansas City, for the appellant; *Samuel Maher,* of Kansas City, of counsel.

*John Perry,* and *James F. Getty,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff based her right to recover on the allegation that the car suddenly lurched forward as she was about to alight. She alone swore to this state of facts. The defendant produced the evidence of the motorman and conductor and three disinterested witnesses who all testified substantially that the car did not lurch forward but that the plaintiff alighted while it was in motion. The verdict was in favor of the plaintiff. The defendant asks that the judgment be reversed because it is against the overwhelming weight of the evidence, and says:

"The evidence of the injured party alone is allowed to overcome that of three utterly disinterested witnesses, as well as that of the conductor and the motorman. The circumstances all militate against the plaintiff's evidence, and the defendant's witnesses were not impeached in any way. The jury were not at liberty to disregard the evidence of these disinterested witnesses arbitrarily from partiality or caprice."

The case of *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 322, is cited. That case was one of undisputed evidence disregarded by the jury. This is a case of conflicting evidence, the jury giving credence to that of one witness rather than that of five who testified to the contrary. While trial courts should not hesitate to set aside verdicts when manifestly against the weight of the evidence, still there is seldom a case without a conflict in the evidence, greater or less, and whatever the conflict may be if the trial court is satisfied and approves the verdict it is not the province of this court to order it set aside. Here the jury had all

the circumstances shown and the evidence of the plaintiff and were affected by the personality and manner of the witnesses, an advantage which the trial court also had but of which we are deprived. In *U. P. Rly. Co. v. Diehl*, 33 Kan. 422, 6 Pac. 566, it was said:

"We think the verdict of the jury in the present case should have been set aside, and a new trial granted. It is the duty of a trial court, whenever the verdict is clearly against the weight or preponderance of the evidence, to set it aside and grant a new trial. (Citing authorities.) The supreme court, however, has no such power. Where the evidence is all in parol, and where there is some evidence sustaining every fact necessarily included in the verdict—not a bare scintilla, but enough evidence, if not contradicted, to prove every such fact—and where the trial court approves the verdict by refusing to set it aside, and by rendering a judgment thereon, the supreme court can not disturb it, although a preponderance of the evidence may seem to be against the verdict. (Citing authorities.) It is perhaps unfortunate in many cases that the supreme court has no greater power in reviewing and in setting aside verdicts; for, because of such inability on the part of the supreme court, injustice is sometimes permitted to be done." (p. 425.)

The testimony of the plaintiff, taken alone, fully and fairly established her right to recover, and the divergence of her story from that of the contradicting witnesses is not sufficient to say that the jury disregarded the defendant's testimony arbitrarily or from partiality or caprice.

The judgment is affirmed.