No. 21,605.

THE SECURITY STATE BANK, *Appellee,* V. J. U. SEAUNIER,
*Appellant.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Held by Indorsee—Competent Evidence to Show
   Fraud and Want of Consideration.* In an action on a promissory note
   that has been transferred to the plaintiff, where the defense is that
   the note was obtained by fraud and was without consideration, and
   that the plaintiff had purchased the note in bad faith with knowledge of
   the fraud, chattel mortgages given by the payee to the plaintiff to
   secure existing debts and other debts to be afterward created are
   competent evidence to establish links in a chain of circumstances that
   would tend to show that the payee had obtained the note by fraud, and
   that the plaintiff had knowledge of that fraud and was not a holder of
   the note in good faith.

2. SAME—*Evidence of Payee's Reputation for Honesty and Integrity.*
   Under the circumstances described in the first paragraph of this
   syllabus, where the payee of the note was an intinerant doctor who
   advertised his business by a dog, pony, and medicine show, it was
   proper to show by reputable doctors the payee's reputation for honesty
   and integrity, and his reputed ability as a physician.

3. SAME—*Evidence of Fraud—Burden of Proof.* The evidence that was
   admitted, together with the evidence that should have been admitted as
   outlined in the first and second paragraphs of this syllabus, was
   sufficient to compel the court to submit the cause to the jury for the
   purpose of determining whether the payee had been guilty of fraud
   in obtaining the note, and, if the jury found that fraud existed, would
   have been sufficient to place on the plaintiff the burden of showing
   that it acquired the note in due course.

Appeal from Wilson district court; JAMES W. FINLEY,
judge. Opinion filed January 11, 1919. Reversed.

*Herbert H. McCartney,* of Neodesha, and *P. C. Young,* of
Fredonia, for the appellant.

*W. H. Edmundson,* of Fredonia, for the appellee; *J. W. Blood,*
of Wichita, of counsel.

Opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment ren-
dered against him on a promissory note given to M. G. Slocum,
an itinerant doctor who advertised his business by a dog, pony,

and medicine show. The note was given for medical services which Slocum promised to render to the defendant's wife. Slocum transferred the note to the plaintiff. The defense was that the note had been obtained by fraud and was without consideration, and that the plaintiff had purchased the note in bad faith with knowledge of the fraud.

1. The defendant's first assignment of error is that the court erred in refusing to permit the defendant to introduce in evidence certain chattel mortgages on Slocum's show outfit to secure the payment of certain debts then owing by Slocum to the plaintiff, and to secure any other indebtedness that might be incurred to the bank by Slocum. There were four of these mortgages. They were signed by Slocum and by his wife, who claimed to be the owner of the property. The chattel mortgages should have been received in evidence to establish links in a chain of circumstances which would tend to show that Slocum had committed a fraud on the defendant, and that the bank had knowledge of that fraud and was not a holder of the note in good faith.

It may be argued by the plaintiff that the chattel mortgages were not produced on the hearing of the motion for a new trial. When the court refused to admit the chattel mortgages in evidence, they must have been examined, and the conclusion must have been reached that they were inadmissible. The documents were before the court, and the necessity for their production on the hearing of the motion for a new trial comes within the rule declared in *Treiber v. McCormack,* 90 Kan. 675, 136 Pac. 268, where this court said:

"Section 307 of the civil code, providing that where the ground of a motion for a new trial is the exclusion of evidence, such evidence shall be produced at the hearing, is held not to apply where it appears from the testimony of the witnesses themselves given at the trial what the evidence would have been had it not been excluded." (syl. ¶ 2.)

2. The defendant's second assignment of error is that the court erred in rejecting the depositions of four doctors of Wichita. The testimony disclosed in those depositions concerned the honesty and integrity of Slocum, and his reputation and ability as a physician. That evidence tended to establish another link in a chain of circumstances which might prove that Slocum was guilty of fraud in procuring the note, and should have been admitted for that purpose. What has been said concerning

the necessity for producing the chattel mortgages on the hearing of the motion for a new trial applies to the depositions.

3. The trial court placed the burden of proof on the defendant, and, after his evidence had been introduced, sustained a demurrer thereto, and instructed the jury to return a verdict in favor of the plaintiff. Such a verdict was returned, and judgment was accordingly rendered for the amount of the note and interest. On the day on which the note was given, Slocum told the defendant that his wife had catarrh, and that a cancer was forming in her stomach; that, if the defendant did not do something for her within thirty days, she would be past doing anything with at all; that, if she was not treated in the right way, she would die within thirty days; and that she ought to go to a hospital. Slocum said that he had an institute and hospital at Wichita, but that he could treat the defendant's wife at her home. He asked the defendant if he was little enough to let his wife lay and die for $120. He promised the defendant to keep the note for six months and told him that his wife would be well; that the medicine he would give would cure her; and that he could cure her in sixty days. Slocum, immediately after obtaining the note, tried to sell it in Neodesha, and soon thereafter transferred it to the plaintiff. Slocum had neither institute nor hospital in Wichita. The evidence of what occurred when the note was given, together with the chattel mortgages and the testimony contained in the depositions, if the chattel mortgages and the depositions had been admitted, would have been sufficient to compel the trial court to submit the cause to the jury for the purpose of determining whether Slocum had been guilty of fraud in obtaining the note, and a finding of the existence of fraud would have been sufficient to place on the plaintiff the burden of showing that it acquired the note in due course. (Gen. Stat. 1915, § 6586; *Ireland v. Shore,* 91 Kan. 326, 137 Pac. 926.)

The judgment is reversed, and a new trial is directed.