No. 22,530.

A. J. BELLPORT, Jr., *Appellee*, v. J. C. HARKINS AND THE KANSAS CASUALTY AND SURETY COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

1. NOTARY PUBLIC—*Damages Resulting from False Statements in Acknowledgment of Deed.* It was not error to overrule an objection to evidence under the petition.

2. TRIAL—*Demurrer to Evidence.* The demurrer to the plaintiff's evidence was properly overruled.

3. SAME—*Error in Excluding Evidence.* The record of a certain suit brought by the holder of the title to the land involved, was wrongfully excluded.

4. SAME. Being documentary, it was not necessary to produce such evidence on the motion for a new trial.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 5, 1920. Reversed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler, George Siefkin,* and *Forest Siefkin,* all of Wichita, for the appellants.

*C. A. Matson, I. H. Stearns, A. V. Roberts,* and *R. E. Angle,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: After this cause was remanded (*Bellport v. Harkins,* 104 Kan. 543, 180 Pac. 220) another trial was had resulting in a verdict for the plaintiff, and the defendants appeal and complain of the court's refusal to sustain an objection to the introduction of evidence under the petition, of the overruling of the demurrer to the plaintiff's evidence, and of the admission of certain testimony; also that certain instructions were erroneous, and that it was error to send the jury back for a second verdict instead of receiving the one they first brought in.

The first assignment was disposed of in the former opinion. The second one is without merit.

As to the third, the defendants, in order to show that the plaintiff did not suffer the amount of damages he claimed, offered in evidence the pleadings, journal entry and judgment in the foreclosure and quiet-title suit brought against him by the man in whose name the title to the land involved herein stood when the acknowledgment in question was made, also the summons and return in the same action. This was for the purpose of supporting the defendants' theory and assertion that this action by Shirk involved the same land affected by the certificate of acknowledgment now under consideration, and that the plaintiff received back all he paid for the deed from Barndt except $449.50. It is asserted and not disputed that the verdict first returned by the jury was for this precise sum with interest.

The plaintiff's allegation was that he sold the land for $1,200, paid $12.80 for taxes, and had had judgment rendered against him for $1,236.00 and costs, and that his total damage was $1,362.80. It is contended that this offer of evidence was an attempt to bring in an issue outside the pleadings, but the answer contained a general denial, and for this reason if the excluded testimony tended to show that the plaintiff's damage had been much less than $1,362.80 it was competent. Of course, the plaintiff could not call on the defendants to remunerate him for what he might reasonably have avoided by looking out for himself. (*Atkinson v. Kirkpatrick*, 90 Kan. 515, 135 Pac. 579; *Murrell v. Crawford*, 102 Kan. 118, 169 Pac. 561; *Insurance Co. v. Bigger*, 105 Kan. 311, 182 Pac. 184; *Rock v. Vandine*, 106 Kan. 588, 189 Pac. 157.)

It is suggested that because this evidence was not produced on the motion for a new trial, it cannot be considered now. The trial court knew what it was when offered as well as if offered again on motion for a new trial, and hence this objection must fail. (*Treiber v. McCormack*, 90 Kan. 675, 136 Pac. 268; *Bank v. Seaunier*, 104 Kan. 7, 8, 178 Pac. 239.)

Considerable fault is found with the instructions, but they appear to have followed the rule announced in the former decision, and to have correctly stated the grounds on which the notary could be held liable.

Much force seems to have been given to the idea that Amandus H. Barndt did not appear before the notary. It

seems that some one claiming that name did appear, but he was not the Amandus H. Barndt who owned the land. True, the court did tell the jury that the plaintiff claimed the man who executed the deed was not Amandus H. Barndt, but they were also told that if the person who appeared before the notary was in fact Amandus H. Barndt the verdict would have to be for the defendants, even though he was not the owner of the land. This very liberal charge certainly cured any error which might otherwise have arisen from the quoted language touching the claim of the plaintiff in his petition.

The jury first returned a verdict for the plaintiff for $561.08, which the trial court refused to receive, telling the jury that—

"By this verdict you have indicated that you have found the issues in favor of the plaintiff and that the plaintiff is entitled to recover. This being so, he is entitled to recover the full amount of damages sustained and proved. The defendant has introduced no evidence to controvert the plaintiff's testimony as to the amount of damages which the plaintiff has sustained. The jury should not ignore undisputed evidence in the case, if it is not discredited, and form independent conclusions on matter about which there is testimony in the case. Unless there is something in the evidence in the case to discredit the testimony of plaintiff's witnesses as to the amount of damages which the plaintiff has sustained, their testimony on this question should be accepted."

They were told that the court did not intimate for which party the verdict should be found, but if they should find for the plaintiff it should be for all the damages the evidence showed he had sustained. After retirement and further consideration, they came in with a verdict for $1,663.28 against the defendant Harkins, and $1,221.17 against the surety company.

The court was eminently correct in advising the jury that it was not in their province to disregard credible and undisputed evidence. (*Sundgren v. Stevens*, 86 Kan. 154, 119 Pac. 322, and cases cited; *Wible v. Street Railway Co.*, 88 Kan. 55, 127 Pac. 625; 10 R. C. L. 1006, § 194; Note, 12 Ann. Cas. 245; Miller's Will, 49 Ore. 452; *Roseberry v. Nixon*, 58 Hun [N. Y.] 121; *Kelly v. Burroughs*, 102 N. Y. 93), but this makes more important the refusal of the court to admit the offered evidence of the amount of damages really suffered by the plaintiff. But for this there would be nothing between the colloquy of the jury and the sending of them back for further consideration, to warrant a reversal, because, as the court said,

there was no testimony to dispute the plaintiff's testimony as to the amount of his loss. There is no proper theory or principle by which it is any more competent for a jury to return too small a verdict than one too large, when in either case the one returned ignores credible and undisputed evidence.

Complaint is made that, while the plaintiff testified that his equity in the Wichita lots was worth $750, which was followed by the jury, his petition fixed the value at only $700. We find no way of ascertaining from the record whether the verdict finally returned included $750 for this item or not, but if any error in this respect occurred it can be corrected on another trial.

On account of the refusal of the offered testimony touching the foreclosure and quiet-title suit, the judgment is reversed.

No error appearing except in relation to the amount of damages suffered by the plaintiff, the cause is remanded for a new trial on that one question only.

---

## OPINION ON REHEARING.

(Filed October 9, 1920.)

ORIGINAL OPINION AND JUDGMENT MODIFIED.

SYLLABUS BY THE COURT.

NOTARY PUBLIC—*False Statement in Acknowledgment of Deed—Measure of Damages.* One who is defrauded by the execution of a forged deed to him cannot recover from the notary public who took the acknowledgment to the deed any damage that could have been prevented by reasonable diligence on his part after the grantee in the deed received notice of fraud.

The opinion of the court on rehearing was delivered by

MARSHALL, J.: An opinion was filed June 5, 1920, but on the application of the plaintiff a rehearing was granted, and the cause was resubmitted at the July session of court. The following facts in addition to those stated in *Bellport v. Harkins*, 104 Kan. 543, 180 Pac. 220, and in addition to those stated in the opinion filed on June 5, 1920, are material to explain the conclusion reached. Before any judicial proceedings were instituted by any of the parties interested in any of the real property involved in this action, the plaintiff received

notice that the real owner of the property in Wichita county had not conveyed it. Thereafter the owner of that property commenced an action against the grantees of the plaintiff to recover it and prevailed therein. Those grantees then commenced an action against the plaintiff to recover the price paid for the Wichita county land. A foreclosure of a mortgage on the Wichita city property was commenced by the holder thereof in Sedgwick county, and the mortgage was foreclosed; that property was sold, the sale confirmed, and a sheriff's deed therefor was executed and delivered to the purchaser. From the application for a rehearing it appears that the petition for foreclosure was filed March 17, 1916; that the petition in the action to recover the price paid for the Wichita county land was filed September 14, 1916, and that the petition in the action in which the present appeal was taken was filed April 21, 1917. The abstract in the present appeal further discloses that the contract for the sale of the Wichita county land to the plaintiff and the forged deed were signed in September or October, 1915, and that the plaintiff received notice of the fraud practiced on him sometime in February, 1916. That notice was of such a nature as rendered it obligatory on the part of the plaintiff to make inquiry concerning the identity of the person with whom he dealt. In fact, the notice almost conclusively informed the plaintiff that he had been defrauded. It was then his duty, so far as practicable, to reduce the damage sustained by him. (*K. P. Rly. Co. v. Mihlman,* 17 Kan. 224; *Lumber Co. v. Sutton,* 46 Kan. 192, 26 Pac. 444; *Town Co. v. Leonard,* 46 Kan. 354, 26 Pac. 717; *Frick Co. v. Falk,* 50 Kan. 644, 32 Pac. 360; *Holly v. City of Neodesha,* 88 Kan. 102, 127 Pac. 195; *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579; *Maddux v. Telegraph Co.,* 92 Kan. 619, 141 Pac. 585; *Steinman v. Tailoring Co.,* 99 Kan. 699, 163 Pac. 452.)

The plaintiff could have successfully prosecuted an action to cancel the deed made by him to Amandus H. Barndt. The plaintiff likewise could have procured cancellation of that deed in the foreclosure action, and could have been given the right of redemption from the sheriff's sale. It might well be contended that the deed from the plaintiff to the pretended Amandus H. Barndt conveyed no title whatever, but, by any of the methods mentioned, the plaintiff could have recovered

whatever of title to the Wichita city property had been conveyed by that deed.  He did none of these things.  There is nothing to show that the defendant in any way participated in the fraud practiced on the plaintiff by the pretended Amandus H. Barndt, and there is nothing to show that the plaintiff did anything to attempt to reduce the damages resulting from the fraud that had been practiced on him.  Under these circumstances the plaintiff cannot justly recover from the defendant the damages that could have been prevented.  The defendant requested an instruction "that the damages in this case will consist of the sum of $459.90, together with interest thereon from the 16th day of October, 1915."  That appears to have been the amount of money paid by the plaintiff in addition to the Wichita city property to the supposed Amandus H. Barndt for the Wichita county land.  That amount the plaintiff is entitled to recover under *Bellport v. Harkins,* 104 Kan. 543, 180 Pac. 220, but he is not entitled to recover the damages that he could have prevented by procuring cancellation of the deed from him to Amandus H. Barndt.  This compels a reversal of the judgment of the trial court, but no good purpose will be served by remanding the action for a new trial.  The trial court is therefore directed to modify the judgment by entering judgment for the plaintiff for the amount of money paid by him to Amandus H. Barndt together with interest thereon.