No. 29,689.

IDA PEARL WHEELER, *Appellee*, v. MELVIN JACKSON, *Appellant*.

(297 Pac. 427.)

Opinion filed April 11, 1931.

*C. L. Kagey, L. M. Kagey* and *Leon Lundblade,* all of Beloit, for the appellant.

*D. F. Stanley* and *L. E. Weltmer,* both of Mankato, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   In a collision of automobiles on a highway Clyde E. Wheeler suffered injuries from which his death resulted, and his wife also sustained injuries.  She brought this action in behalf of herself and her minor child against Melvin Jackson, the owner and driver of an automobile, alleging that he had negligently driven his car at an excessive rate of speed, on the wrong side of the road and without warning, against the Wheeler car, which was overturned and caused the death of her husband and injuries to herself.  She recovered a judgment in which she was awarded $1,500 for the death of her husband and $500 for personal injuries to herself.

The Wheelers, it appears, visited Jewell City on the evening of July 19, 1929, and started north to their home about 10:30 p. m., on a level road, the traveled portion of which was from twenty-four to thirty feet wide.  Jackson, with several members of a family in his car, approached the Wheeler car from the rear and it is alleged that, without sounding his horn or giving other warning, drove his car on the wrong side of the road, striking the Wheeler car and overturning it with the result mentioned.  He struck the Wheeler car with such force as to upset it and to turn it in the opposite direction from which it was traveling.  He claimed that the Wheeler car was being driven on the left of the center of the highway and that there was more room to pass on the wrong side of his car than on the other side, and hence he had no other course than to pass on that side.  There was a conflict in the evidence as to the speed defendant was driving his car and also as to whether he sounded his horn or gave any other signal of his approach and of his purpose to pass the Wheeler car.  The defendant assigns error in the overruling of his demurrer to plaintiff's evidence.

Besides his claim that defendant drove his car at an excessive rate of speed and passed the Wheeler car on the wrong side of the road, there was testimony that he failed to sound his horn or to give other signals of his purpose to pass, and that he drove his car so close to the Wheeler car as to strike it.  It is true that defendant and three others of his family testified that he did sound his horn,

but there was testimony to the contrary produced by plaintiff. Although defendant produced more witnesses in support of his claim as to signals than did the plaintiff in his support of her contention, it does not require the acceptance of the testimony of defendant's witnesses to be the truth. It is not necessary to cite authorities to uphold the rule that controverted questions of fact involving the credibility of witnesses are questions for the jury. There was competent evidence upholding the theory of plaintiff and hence it was futile to attack it by demurrer or to contend that the verdict manifested prejudice or partiality on the part of the jury. The fact that the jury believed the testimony of one witness, the plaintiff, as against four who testified to the contrary is no ground for sustaining a demurrer to the evidence or in setting aside a finding of the jury. It has been said that:

"The verdict was supported by the evidence of the plaintiff and was approved by the trial court. The fact that her version of the way the injury occurred was contrary to that of the five witnesses for the defendant, does not warrant this court in ordering the verdict set aside." (*Wible v. Street Railway Co.*, 88 Kan. 55, 127 Pac. 625.)

There was no error in overruling defendant's demurrer to plaintiff's evidence, nor in overruling the motion for a new trial on the ground of a lack of evidence.

Error is assigned on the submission to the jury of the interrogatory: "If you find for the plaintiff, do you find that the negligence was willful?" Answer: "Yes." Who, if any of the parties, requested the submission of the question is not shown in the record, nor does it appear that objection was made at the time the question was submitted. After the verdict had been returned defendant did move to set the finding aside. Assuming that plaintiff requested the submission of the question, it cannot in view of the verdict be regarded as a matter of much consequence. It is apparent that no punitive damages were allowed. Only $1,500 was awarded by the jury for the destruction of the life of Wheeler, who was 34 years of age, in good health and had a life expectancy of 32½ years, and had been earning $1,500 a year in his vocation as a barber. The allowance of $1,500 as compensatory damages for the negligent causing of his death is a moderate award and does not indicate passion or prejudice on the part of the jury.

Complaint is made that an instruction requested by defendant was not given. It was that—

"The driver of an overtaken vehicle which is on the wrong side of the road at the time of the attempted passage of the rear vehicle is bound to the exercise of greater care."

Assuming, without deciding, that the requested instruction was applicable and one properly to have been given, it does not appear from the records that an instruction on the subject was not given by the court in its general charge. None of the instructions given by the court are preserved in the record and we cannot presume that the action taken by the court was erroneous. On the other hand, the presumption in the absence of a showing to the contrary is that the action of the court was correct and that proper instructions were given. (*State v. Volmer*, 6 Kan. 371, 378.)

There is a charge of misconduct of counsel in referring to the special finding as to willful negligence in the course of his argument accompanied, it is said, by the statement to the effect that he wanted a finding that the negligence was willful so that the defendant could not defeat any judgment rendered by going into bankruptcy. There was evidence tending to show, perhaps, not that the defendant intentionally struck the Wheeler car but that it amounted to a wanton disregard of the rights of others. It seems to be conceded that the court told the jury that such a disregard of the rights of others might constitute willfulness. The reference to that feature of the case by counsel could not, we think, have prejudicially affected the rights of the defendant. An appellate court is admonished in the code not to reverse judgments for rulings which do not affirmatively appear to have prejudicially affected the substantial rights of the complaining parties. (R. S. 60-3317.)

There is nothing material in the complaint that a great number of witnesses were subpœnaed by the plaintiff nor another objection that a three-year-old child of plaintiff was with her in the court room during the trial.

Finding no material error in the record, the judgment is affirmed.

SLOAN, J., not participating.