Charles K. Betts, Margaret Betts, an Infant, by Charles K. Betts, Her Guardian ad Litem, and Vale Betts, an Infant, by Charles K. Betts, Her Guardian ad Litem, Florence Bush and Richard E. Bush, Plaintiffs, *v.* Queens Farms Dairy Co., Inc., John S. Ewell and Harold Robinson, Defendants.

Supreme Court, Trial Term, Queens County, February 16, 1937.

*Julius L. Rosenthal*, for the plaintiffs, Charles K. Betts, Margaret Betts and Vale Betts.

*Kotcher & Kotcher*, for the defendant Queens Farms Dairy Co., Inc.

*McCormick & Eckel* [*R. M. McCormick* of counsel], for the defendants Ewell and Robinson.

Kadien, J. Linden boulevard, at or near the intersection of Cleveland street, Brooklyn, runs easterly and westerly. It is a macadam road divided by a white traffic line into two lanes, each twenty-five feet wide, supplemented on each side by a gravel road, seldom used. At this point Linden boulevard, which is straight and level, intersects Cleveland street at right angles.

The plaintiffs' automobile was a small Hudson sedan. The defendants' vehicle, which had been newly purchased approximately three or four months prior to the date of the accident, was a bulldog Mack tractor with an attached trailer measuring in all about thirty-seven to forty feet in length. At the time of the accident the latter vehicle, loaded with milk, weighed 39,000 pounds. The tractor was equipped with an emergency brake and air brakes on each of its four wheels, while the trailer was equipped with vacuum booster brakes on its two wheels.

On August 5, 1935, about seven-thirty P. M. (daylight saving time) the plaintiff Charles K. Betts was driving his automobile on Linden boulevard in a westerly direction toward the intersection of Cleveland street. In the Betts' car were his wife, his small daughter Margaret, and a neighbor, Mrs. Florence Bush. At the same time the defendants' vehicle was being operated on Linden boulevard in an easterly direction at or about the intersection of Cleveland street. At this point the defendants' truck suddenly swerved across from the east-bound lane to the west-bound lane, striking plaintiffs' car while the latter was about three feet from the northerly curb of the west-bound lane of Linden boulevard.

In this action the plaintiffs Charles K. Betts, Vale Betts, Margaret Betts and Florence Bush seek to recover damages for personal injuries sustained by them respectively, while Charles K. Betts asks for damages for the loss of services of his wife and child and medical expenses, and Richard E. Bush likewise seeks damages for the loss of services of his wife and medical expenses.

The circumstances in this case warrant the court in finding that the plaintiffs were not negligent nor did they in any way contribute to the happening of the accident. Since the collision occurred on the defendants' wrong side of the street, it raises a presumption of negligence which requires the defendants to come forth and satisfactorily explain the cause of the accident.

The defendants contend that while their vehicle was being operated at a speed of between fifteen and twenty miles an hour at the intersection of Linden boulevard and Cleveland street, the left front wheel of the tractor struck a " dip " in the road, which caused a break in the left front spring of the tractor. The defendants further contend that this break caused the chassis to drop down upon the axle, as a result of which the entire vehicle suddenly swerved across the road, striking the plaintiffs' car, and then capsized at a point twenty-five feet north of the center white line and forty feet east of the " dip " in the road. The defendants say that the aforesaid damage threw the vehicle out of control and that as a result the brakes and steering gear became ineffective.

The defendants attempt to attribute the cause of the accident to the negligence of the city of New York in permitting the depression to remain in the highway without adequate warning. From the testimony adduced it may be gathered that the depression was about ten feet long (across the east lane of the roadway), three to four feet wide and six to ten inches deep. There was no evidence presented as to whether the city of New York had actual or constructive notice of the existence of the depression.

The discrepancies in the testimony adduced by the defendants render their explanation of the cause of the accident unbelievable. The defendant Robinson, the driver of the defendants' car, testified that the breaking of the spring and the dropping of the chassis upon the axle caused the brakes to become ineffective so that the vehicle was thrown out of control. Subsequently, he stated that the steering wheel, not the brakes, was out of control. The defendant Ewell testified that when the spring broke the axle dropped back, but that this could not have affected the brakes of the vehicle, but would result only in the vehicle traveling in a circle. On cross-examination the defendant Robinson, changing his testimony, stated that at the time of the accident, while attempting to pass a car ahead of him which had suddenly stopped, his truck struck the depression. The next inconsistency appears in a report marked plaintiffs' Exhibit 12, made to the Motor Vehicle Bureau after the occurrence, wherein the defendant Robinson assigned a " bump " in the road while trying to avoid striking a car ahead of him as the cause of the accident. A police officer called by the plaintiffs testified that the defendant Robinson stated to him after the accident that while he was attempting to avoid a collision with a car in front of him he struck a bump in the road and lost control of his vehicle.

It is impossible to reconcile the variance in the testimony of the defense as to the cause of the accident. It is difficult to accept that portion of the driver's testimony where he stated that while proceeding at between fifteen and twenty miles an hour his vehicle struck the depression, breaking the spring and throwing the car out of control. The preponderance of the evidence established that while the defendants' operator was proceeding at a speed of between twenty-five and thirty miles an hour and while he was attempting to pass another vehicle ahead of him, in order to avoid a collision his vehicle struck the depression, causing the results hereinbefore described. The testimony of the defendant Robinson was attended with much hesitancy and apparent uncertainty and is entirely unsatisfactory in explaining the cause of the accident. His testimony lacks definiteness and is neither clear nor convincing.

The rate of speed of the defendants' vehicle, the inability of the driver to stop and his failure to slow up before striking the depression are significant factors in the determination of the liability of the defendants. The defendants' operator was required to drive the vehicle in a careful manner and at a reasonable rate of speed, having regard to the traffic and the use of the highway. If he were cautious it is fair to assume that he would have observed the depression and guided himself accordingly.

The proximate cause of the accident was the improper and negligent operation of the defendants' truck. The defendants' driver failed to exercise that degree of care commensurate with the circumstances.

The injuries sustained by the plaintiffs, with the exception of Charles K. Betts, are serious and of a permanent nature. The record is replete with medical testimony regarding the permanency of those injuries. By reason of the condition of Vale Betts, the plaintiff Charles K. Betts is entitled to recover a substantial sum of money for the loss of her services and the medical expenses incurred in an attempt to effect a cure of his wife, whereas the similar claim of Richard E. Bush is not entitled to the same consideration.

It follows that the plaintiffs are entitled to judgment, with costs as follows: Vale Betts, $8,500; Margaret Betts, $2,000; Charles K. Betts, $350; Florence Bush, $2,500; and for loss of services and medical expenses, Charles K. Betts, $2,000; Richard E. Bush, $600.