No. 35,699

OPAL RAINMAN, *Appellee*, v. NATIONAL MUTUAL CASUALTY COMPANY and GEORGE GERDEMAN, *Appellants*.

(133 P. 2d 145)

Opinion filed January 23, 1943.

*Kirke W. Dale,* of Arkansas City, argued the cause, and *Albert Faulconer* and *Donald Hickman,* both of Arkansas City, were on the briefs for the appellants.

*W. L. Cunningham,* of Arkansas City, argued the cause, and *D. Arthur Walker* and *William E. Cunningham,* both of Arkansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when an automobile being driven by plaintiff collided with a truck driven by one of the defendants and upon which the defendant casualty company had issued a public liability policy. Judgment was for the plaintiff. Defendants appeal.

After the formal allegations as to the organization of the casualty company and the fact that defendant Gerdeman was carrying on the business of a motor carrier, the petition alleged that he had liability insurance with the defendant company; that the highway upon which the collision occurred ran east and west at that point; that it was constructed of concrete and 20 feet in width; that on the day in question it was snowing and freezing; that the plaintiff was driving a 1941-model Chevrolet coupé in a careful manner on the right-hand side of the road; that she was traveling west and that there was a snowplow also traveling west; that this snowplow was throwing a cloud of snow into the air, which was being carried across the south side of the pavement by the wind so that a car approaching it from the west could not see through this shower of snow; that the plaintiff was following this snowplow when a truck owned by the defendant Gerdeman and being driven easterly by defendants Gerdeman and Waller came through that shower of snow in a negligent manner and swerved to the north side of the highway and into the plaintiff's car and injured her. The petition then set out various regulations pertaining to motor carriers operating in the state of Kansas. Among other things these regulations provided as follows:

"No motor vehicle shall be driven recklessly, or so as to endanger the life, limb, or property of any person.

"No motor vehicle shall be driven at a speed greater than is reasonable and prudent, having due regard to weather, traffic, intersections, width and character of the roadway, type of motor vehicle, and any other conditions then existing.

"Every motor vehicle shall be driven, so far as practicable, upon the extreme right side of the traveled portion of the highway."

The petition then alleged that the collision was the direct and proxi-

mate result of the negligent conduct of the defendants because they failed to slow down and stop the truck when they saw the snowplow approaching and knew that they could not see through or beyond the cloud of snow and that they would be blinded by snow and caused to lose control of the truck and would not be able to properly guide and control it; that defendants failed to stop truck or to slow down to a reasonably prudent and safe speed to pass through this cloud of snow; that they failed to have the truck under proper control and that they failed to keep the truck on the proper side of the highway, and that defendants neglected to observe all of the rules of the state corporation commission, but ignored all of them.

The defendants answered, admitting their identity and that defendant Gerdeman was operating the truck and admitting that there was a collision, but the answer denied that the truck was being operated in violation of the law or in a negligent manner. The answer also alleged that the injury to the plaintiff was caused by her acts of negligence because she tried to pass another car that was in front of her and pulled out to the south side or left-hand side of the pavement at a reckless rate of speed when she knew that her car could not be seen because of the cloud of snow and that she did not return her car to the north side of the highway, which was her proper trafficway, but continued to drive it westward on the wrong side of the road until she collided with defendants' car, and that these acts were the proximate cause of her injury.

The reply of the plaintiff was a general denial.

The jury returned a verdict in favor of the plaintiff and answered special questions as follows:

"1. At the time of the impact, where with reference to the center line of the pavement were the left wheels of the Gerdeman truck? A. (1) Near center line of highway pavement. (2) North of center line of highway pavement.

"2. Where with reference to the bridge near the scene of the accident did the plaintiff pass the DeSoto car driven by John Delk? A. West end of bridge.

"3. At what rate of speed was plaintiff driving as she passed the DeSoto car driven by John Delk? A. Forty to forty-five miles per hour.

"4. For what distance did the plaintiff have a clear and unobstructed view to the west as she passed the DeSoto car being driven by John Delk? A. Approximately two hundred and twenty-five feet.

"5. At the time of the impact where with reference to the center line of the pavement were the left wheels of plaintiff's Chevrolet automobile? A. (1) Near center line of highway pavement. (2) North of center line of highway pavement.

"6. Where with reference to the center line of the pavement did the collision or impact actually occur? A. (1) Near the center line of highway. (2) Near

the center line of highway pavement. (3) North of the center line of the highway pavement.

"7. Do you find the defendant Gerdeman guilty of any negligence? A. Yes.

"8. If you answer the last preceding question in the affirmative, then state specifically of what such negligence consisted. A. Without due caution when approaching hazard.

"9. Giving attention to the term 'proximate cause,' as defined in the court's instructions, what was the proximate cause of this accident? A. Hazardous condition of pavement, and undue caution."

When the jury first reported the defendants asked the court require it to answer questions 1, 5, 6, 8 and 9 more definitely. The court granted this request as to questions 1, 5 and 6. When the jury next reported the defendants renewed their request and the court allowed it as to question 6. These various answers appear properly numbered in the foregoing.

The defendants then moved to set aside the answers to questions 1, 5, 6, 7, 8 and 9 for the reason that they were contrary to the evidence, also a motion to set aside the general verdict and for judgment on the special questions notwithstanding the general verdict, and for a new trial. These motions were all overruled and judgment was entered for the plaintiff pursuant to the verdict.

Defendants first argue that the negligence found by the jury was not the negligence pleaded in the petition. The petition pleaded several acts of negligence, among them being that the defendants failed to keep their truck on the proper side of the highway. The truck was being driven east. Its proper place was on the south side of the highway. The jury found in answer to question 5 that the impact occurred north of the center line of the highway, and in answer to question 5 that at the time of the impact the left wheels of the plaintiff's car were north of the center line of the highway. These two findings convict the driver of the truck of failing to keep his truck on the proper side of the highway. That is one of the grounds of negligence with which defendants were charged in the petition. There is nothing more common than for the driver of an automobile to be held liable for damages resulting from his having driven his car into the wrong traffic lane. (See *Hiler v. Cameron,* 144 Kan. 296, 59 P. 2d 30; *Adams v. Casebolt,* 145 Kan. 3, 63 P. 2d 927; *Betts v. Queens Farm Dairy Co.,* 162 Misc. 583, 295 N. Y. S. 78; *Compressed Industrial Gases, Inc., v. Todd,* 198 Ark. 409, 129 S. W. 2d 262; *Weaver v. Windust,* 195 Wash. 240, 80 P. 2d 766, and *Cook v. Rafferty,* 200 Wash. 234, 93 P. 2d 376.)

It is true these answers were based on conflicting evidence. The plaintiff herself testified that she had been following a Pontiac car and that the Pontiac car had been following a snowplow, which was throwing up such a cloud of snow across the south half of the pavement that she could not see through it; that she drove around the Pontiac, pulled in behind the snowplow and had returned to her proper side of the road when the truck came out of the snow cloud and hit her. There were some witnesses who testified to the effect that plaintiff had not reached her own side of the road when she was hit. The jury saw fit to believe the plaintiff. This court cannot do anything about that.

Defendants next point to the answer of the jury to question 8, where it found that the negligence consisted of "without due caution when approaching hazard." They argued in the first place that this answer was too vague and indefinite and that the jury should have been required to make the answer more definite. In view of all the surrounding facts and circumstances, this answer was sufficiently definite. The defendant himself testified that the cloud of snow thrown up by the snowplow was so thick that for a short time he could not see where he was driving. All parties agree that the truck and car collided almost as soon as the truck emerged from the snow cloud. Under such circumstances the jury might well have believed that due caution would have compelled the driver of the truck to come to a complete stop when he saw himself approaching a cloud of snow through which he momentarily could not see, or the jury might well have concluded that due caution required that the truck driver keep close to the outside of the highway so as to be sure to be in his own proper traffic lane when his truck should emerge from the cloud. It matters not which of these ideas was in the jury's mind; the important thing is that he drove his truck over onto the plaintiff's side of the highway.

Defendants next point out question 9, where the jury found that the proximate cause of the accident was hazardous condition of pavement and undue caution. They argue by this finding that the jury found that the proximate cause of the accident was something else than what the jury found the negligence of Gerdeman to be.

We shall examine all the answers of the jury together. We have already seen that the jury found in answer to two questions that defendants' truck was on the wrong side of the highway. Having answered these two questions the way they were answered there was

nothing more natural than the jury should conclude that it was expected to find what it was that caused the truck to be on the wrong side of the road. The result was the answers to questions 8 and 9. There is no inconsistency in them nor are they inconsistent with the general verdict. (See *Dick's Transfer Co. v. Miller*, 154 Kan. 574, 119 P. 2d 511; also, *Harshaw v. Kansas City Public Serv. Co.*, 154 Kan. 481, 119 P. 2d 459.)

We have examined the argument of defendants that the verdict was rendered under passion and prejudice and that defendants did not have a fair trial. This argument is based largely on the fact that there were a great many more witnesses who testified on the side of the defendants than testified for plaintiff. It is well settled, however, that where there is substantial evidence to sustain the jury's verdict this court will not disturb it. (See *Wheeler v. Jackson*, 132 Kan. 742, 297 Pac. 427; also, *Wible v. Street Railway Co.*, 88 Kan. 55.)

Defendants next argue that the plaintiff's own evidence showed that she was guilty of such contributory negligence as to bar her right to recovery and that on that account their request for an instructed verdict in their favor should have been sustained. This argument is based on evidence to the effect that she was negligent in trying to pass the Pontiac car when she did. There is substantial evidence, however, to the effect that she was safely past the Pontiac car and back on her own side of the highway when she was hit. Under all the surrounding facts and circumstances the question whether plaintiff was guilty of contributory negligence was a proper one for the jury to decide.

The judgment of the trial court is affirmed.

PARKER, J., not participating.