### JOHN PETERSON v. JOHN ALBACH.

1. DEPOSITION—*Error in Admitting.* The admission in evidence of a deposition taken at a time other than the one agreed upon, and without an appearance by the complaining party, in which is testimony of a material character, is material error.

2. EJECTMENT—*Supplemental Answer—Error in Refusing.* In an action of ejectment, the defendant, to support the title and possession claimed by him, asked leave to file a supplemental answer setting up a title acquired subsequent to the commencement of the action, and he offered in evidence proofs of such title, which were refused. *Held,* That permission to file a supplemental answer should have been granted on such terms as would have been just, and that then the proofs offered should have been received.

3. TITLE—*Res Judicata.* A general finding and judgment in such an action concludes a party on the question of title, and prevents him from thereafter asserting a claim of title from whatever source it comes which he had pending the action and prior to the judgment.

### *Error from Osage District Court.*

ACTION of ejectment by *Albach* against *Peterson* and others. Judgment for the plaintiff, at the April term, 1890. The defendant *Peterson* brings the case here. The opinion states the facts.

*Pleasant & Pleasant*, for plaintiff in error.

*Douthitt, Jones & Mason*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action in ejectment, brought by John Albach against John Peterson, N. D. Fairbanks, George W. Morris, and A. J. Utley, to recover about 155 acres of land situate in Osage county. Fairbanks, Morris and Utley filed an answer, in which they disclaimed any title to or interest in the premises in controversy. Peterson's answer was a general denial, an admission of possession, and an assertion of rights against the plaintiff under several statutes of limitation. In the trial, which was with a jury, Albach appears to have relied upon a possession obtained under a lease with a right to purchase the land, and that while in possession he was unlawfully and forcibly deprived of the same by Peterson. He also claimed under a tax deed issued in 1887, about a month before the commencement of the action, based on a sale held in 1874 for the taxes of 1873. On the other hand, Peterson claimed and offered testimony tending to show that a title to the land was conveyed to him more than five years prior to the commencement of the action; and further, that Albach never obtained possession of the land nor had any right to the same. The result of the trial was a verdict and judgment in favor of Albach, and Peterson brings the case up for review, and assigns numerous errors, some of which are not available on account of the confused and imperfect condition of the record.

Complaint is made of the admission of the deposition of James Hagerman, upon the grounds that it was not taken at the time prescribed in the notice. It appears that there was an agreement between the parties that the deposition of this witness might be taken at Carbondale on November 3, 1888, whereas it appears to have been taken two days later. There is nothing to show a commencement of the deposition before November 5, nor was there any continuance of the taking of

the deposition from the stipulated time to that on which it was taken. The testimony therein related to the possession of Albach, and is of a material character, and the admission of the same was error.

In addition to the title or interest acquired from Fairbanks and Morris, and his possession thereunder, Peterson undertook to show a direct title from the United States. He offered in evidence a duplicate copy of the patent for the land from the United States to Joseph A. Adams, issued in 1866, but the copy of the same was obtained by the plaintiff from the land office since the commencement of the action. He also offered a deed from Joseph A. Adams to himself, dated January 31, 1888, but the deed and duplicate patent were excluded, upon the ground that they were executed and obtained after the commencement of the action.

Peterson asked leave of the court to file a supplemental answer, setting up a subsequently-acquired title, but his application was denied upon objection by Albach. Permission to file a supplemental answer upon just terms should have been granted. Under the issues formed, a general finding and judgment will conclude Peterson on the question of title, and prevent him from thereafter asserting a claim of title, from whatever source it comes, which he had pending the action and prior to the judgment. Such a judgment would be *res adjudicata*, not only as to the matters actually considered and decided, but also as to every other matter which the parties might have litigated in the case, and which they might have had decided.

"The law does not favor a multiplicity of suits, and, where all matters in controversy between parties as to the title or possession of real estate might be fairly ended in one action, the law requires that this should be done. Parties cannot try title to real estate by piecemeal, in separate and independent actions, upon separate deeds or chains of title, when they have in their possession during the trial separate and different deeds." (*Hentig v. Redden*, 46 Kas. 236; *Austin v. Jones*, 47 id. 565.)

It is contended that, because the copies of the patent and

deed offered to be produced are not included in the record, the court cannot consider the error. The question may be fairly raised without copies of those instruments. It is enough if the case-made shows the character of the instruments offered, and the objection upon which the ruling was based. The statement in the record with reference to these documents, and the objection upon which they were excluded, are sufficient to make the error available.

There are other rulings upon the admission of evidence which appear to be erroneous, and objections to instructions which appear to be faulty, but it is doubtful whether the record is in such a condition that the court can consider them. We are clearly of opinion, however, that there should be a reversal, and another trial of this cause.

Judgment accordingly.

All the Justices concurring.