No. 25,475.

Mrs. B. C. Winkler, *Appellant*, v. Mary Korzuszkiewicz, *Appellee*.

SYLLABUS BY THE COURT.

Ejectment— *Plaintiff Claiming Title to Land— Estoppel by Election of Remedy.* One who, claiming title to land as heir of an intestate, has been defeated in an action of ejectment, may not recover the land from the same occupant in a second action of ejectment based upon a claim of title by virtue of being the intestate's vendee.

Appeal from Stafford district court; Clyde R. Douglass, judge. Opinion filed December 6, 1924. Affirmed.

*F. L. Martin, John M. Martin, James N. Farley,* all of Hutchinson, and *Ray H. Beals,* of St. John, for the appellant.

*F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one of ejectment to obtain possession of land in Barton and Stafford counties, and for partition of the land in Stafford county. Plaintiff claimed under a contract for the land, specific performance of which was prayed for. Judgment was rendered for defendant on the pleadings, and plaintiff appeals. The question is whether relief was barred because of estoppel, pleaded in the answer, created by unsuccessful prosecution of a previous action to recover the same land, by plaintiff against defendant, based on a contradictory theory of plaintiff's title.

In his lifetime Korzuszkiewicz owned all the land, which consisted of several tracts. Previous to his death he conveyed one tract to his son, Nicodemus, who quitclaimed to defendant, and conveyed the remainder to defendant. He died in May, 1920, leaving nine children, who may be classified in two groups: the plaintiff and three others, and the defendant and four others. The petition alleged that, before Korzuszkiewicz's death, he contracted with plaintiff that if she would render certain services she would at his death inherit the Barton county tract and an undivided one-ninth of the Stafford county land; that plaintiff performed the services; and that defendant took her deeds without consideration and with knowledge of plaintiff's contract. The answer pleaded the proceedings and judgment reviewed by this court in the case of *Winkler v. Korzuszkiewicz (Shusky)*, 112 Kan. 283, 211 Pac. 124. That case was one of

ejectment and partition, commenced by plaintiff and the members of her group against defendant and the members of her group, and related to the Stafford county land. At the same time, an identical suit was commenced relating to the Barton county land, which was dismissed when *Winkler v. Korzuszkiewicz* was decided. The original petition alleged that Korzuszkiewicz died intestate, owning the land in fee simple, that plaintiffs and defendants were his children and heirs, and that plaintiffs and defendants each owned an undivided one-ninth of the land of which they were tenants in common. An amended petition stated that plaintiffs and defendants were the children and only heirs of Korzuszkiewicz; that Korzuszkiewicz in his lifetime conveyed the land to his daughter Mary; that each of the plaintiffs had an equitable title to an undivided one-ninth of the land; and that the deed to Mary was void; but if the deed conveyed title to Mary, she held the land as trustee for Korzuszkiewicz during his lifetime, and after his death for the use and benefit of the plaintiffs to the extent of their interest, which was four-ninths of the whole. The grounds upon which the deed was attacked were want of mental capacity of the grantor, and undue influence, duress and fraud practiced upon him by Mary and the members of her group. One of the fraudulent inducements to execution of the deed was that Mary, not intending to do so, represented to her father that she would at his death distribute the property among all the heirs, according to the law of descents and distributions. The plaintiffs were defeated, and Mrs. Winkler now changes position, claims the land by virtue of contract with her father, and asks for specific performance, possession, and partition of the portion in which she has a fractional interest.

Some preliminary observations will clarify and simplify the problem proposed for solution. Plaintiff's claim to the Barton county land is identical in kind with her claim to the Stafford county land. In one case the claim extends to the whole interest, and in the other to an undivided one-ninth interest. Therefore, the Stafford county land may be left at one side, while attention is directed to the Barton county land.

In this action, as in the former suit, it is charged that Mary's deed is of no avail to her, as against the plaintiff, and is an impediment to plaintiff's enjoyment of ownership. Method of removing the impediment, whether by setting the deed aside altogether, or using it as a basis for imposing a trust, or holding it to be of no

effect because taken without consideration and with notice, is a matter of procedure—adjective and not substantive. The substantive thing is plaintiff's right, which receives no increment from the remedial means adopted to clear away obstruction and place her in possession.

As plaintiff states it, the terms of her contract with her father were that, in consideration of rendition of certain services, she would "inherit" the Barton county land at his death. Of course she could not do that. Inheritance is regulated by law and, if plaintiff took as heir, her eight brothers and sisters also took as heirs. Since the contract was intended to cut off their inheritance and give the property to plaintiff alone, its effect was that of a contract of sale for a stated consideration, investing the vendee with title and possession at the vendor's death.

In view of the foregoing, the question is this: May one who, claiming title to land as heir of an intestate, was defeated in an action of ejectment, recover the land from the same occupant in a second action of ejectment, based upon a claim of title by virtue of being the intestate's vendee?

There are but two ways known to the law of acquiring title to land. One is by purchase, and the other is by descent. Plaintiff's claim of title by descent was claim of title by operation of law. Her claim of title by purchase is claim of title by act of the intestate. In the first action, plaintiff asserted, expressly or by implication, that Korzuszkiewicz continued in unqualified ownership of the land to the end of his life; at his death he left it to descend according to the common course of inheritance; he did nothing effective to prevent operation of the law of descents and distributions; consequently, plaintiff took one-ninth, and one-ninth only, as heir; each child belonging to her group took one-ninth as heir; and while the truth might be obscured by defendant's voidable deed, in reality, the defendant and each child belonging to her group also took one-ninth as heir. In the present action, plaintiff aserts that Korzuszkiewicz did not continue in unqualified ownership of the land, he did not leave it to descend according to the common course of inheritance, he did prevent operation of the law of descents and distributions, and none of Korzuszkiewicz's children took anything as his heirs, because in his lifetime he sold the land to plaintiff for a price which she paid.

Each of the theories of title proposed involves negation of the other. If there was hereditary succession, there was no purchase,

and if there was purchase, there was no hereditary succession. When Korzuszkiewicz died, defendant was in possession, and plaintiff was at liberty to choose the status she would occupy in relation to the land. She knew whether or not she had bought and paid for the land. She could deny the right of her brothers and sisters, and proceed alone as purchaser, or she could make common cause with those who were unfriendly to defendant, and join with them in an attack upon defendant's deed, in the capacity of heirs. Whether she would be purchaser or heir depended on her own election. She could not claim under the statute giving her title, and then against it, any more than she could claim under a will or deed giving her title, and then against it; and having chosen to litigate in the capacity of heir, she was forbidden, when defeated, to renew the contest in the capacity of purchaser.

Plaintiff's complaint in each case was that, having a title which carried with it right to possession, defendant kept her out of possession under a claim of ownership based on her father's deed. In the first suit, the court was asked to declare the deed to be ineffectual as a conveyance to defendant on stated grounds: The grantor was not mentally competent to convey; he was unduly influenced; he acted under duress; and he was deceived by fraudulent representations. In that suit the court found the stated grounds of invalidity did not exist, and made the following finding of fact relating to ownership:

"On the 8th day of November, 1917, the defendant, Mary Korzuszkiewicz, the youngest child of all the children, became the owner by deed of general warranty of all the land owned by her father, . . ."

In the present suit, plaintiff attaches a supplement to the list of grounds for declaring the deed to be ineffectual as a conveyance to defendant: The grantor had previously conveyed to plaintiff, and defendant was not an innocent purchaser. If the contentions made in the first action are consistent with the contentions made in this action, defendant's ownership of the land by virtue of the deed is *res judicata*. Plaintiff was not privileged to attack the same deed in one action for incompetency of the grantor, in a second action for undue influence, and so on through the supplemented list. She was required to urge all grounds for declaring the deed to be ineffectual as a conveyance, in one suit. If the contentions made in the first suit are not consistent with the contentions made in this suit, plaintiff elected what she would contend when she commenced the first suit.

It was noted above that, when the first suit was commenced to recover the Stafford county land, an identical suit was commenced to recover the Barton county land, and after the decision by this court in the Stafford county suit the Barton county suit was dismissed. In applying the principle of estoppel by election, the court looks for the first decisive step. That step was taken respecting the land in both counties when the original suits were filed, and it is of no consequence that the Barton county suit was not pressed.

There is no dispute between counsel for the respective parties about the law. They differ only respecting application of familiar rules to the facts of the case. The conclusion of the court that the successive attitudes assumed by plaintiff were inconsistent, determines the case against her, and the judgment of the district court is affirmed.