No. 25,886.

MRS. B. C. WINKLER et al., *Appellees*, v. MARY KORZUSZKIEWICZ et al., *Appellants*.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Pleading and Proof of Judgment.* Where a defense of former adjudication is pleaded in brief and general terms and no motion is made to make it more specific and certain, but the plaintiffs join issue on the defense by pleading in reply that the judgment did not constitute a conclusive adjudication of the issues in the case on trial, they were not in a position to object that evidence of the former adjudication was inadmissible.

2. APPEAL AND ERROR—*Review—Motion for New Trial—Documentary Evidence—Presentation.* It is not necessary that documentary evidence rejected at the trial shall be reproduced on the motion for a new trial in order to make its exclusion available as a ground of error upon an appeal.

3. JUDGMENTS—*Res Judicata—Identity of Issues.* In an action of ejectment involving the title to and right of possession of land, depending upon the validity of certain deeds, the execution of which it was alleged was procured by fraudulent representations, duress and coercion, and in which it was determined that the deeds were valid and that the ownership of the land was in the grantee named in the instruments and in a second ejectment action between the same parties where the plaintiffs pleaded that they were the owners of the land involved in the first action and that the deeds mentioned were void for the reason that they had been forged and conveyed no title to the grantee, it is held that the defendants were entitled to plead and prove that the former adjudication was a bar to the maintenance of the second action.

Appeal from Stafford district court; LEROY E. QUINLON, judge. Opinion filed May 9, 1925. Reversed.

*F. Dumont Smith,* and *Eustace Smith,* both of Hutchinson, for the appellants.

Winkler v. Korzuszkiewicz.

*F: L. Martin, John M. Martin,* and *James N. Farley,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Kazmir Korzuszkiewicz was the owner of several pieces of real estate in Stafford and Barton counties and certain personal property. He died in May, 1920, leaving surviving him nine children who are contending for shares of the property which he had acquired. On November 8, 1918, deeds were executed purporting to convey all his real estate to his daughter Mary, who in turn executed a writing agreeing to pay her father a one-third rental of the farms during his lifetime. Mrs. B. A. Winkler, and three others of the children, plaintiffs herein, brought this action against Mary and four of her brothers and sisters, alleging that each of the plaintiffs owned a one-ninth interest in the real estate, formerly owned by their father and were entitled to the possession of it, and that they were unlawfully kept out of the possession of the same by the defendants. For their second cause of action they asked for the rental value of the real estate during a period of three years while they were unlawfully deprived of the possession, amounting to $12,000, each plaintiff claiming one-ninth of the amount due for such use of the land. The defendant answered with a general denial and the allegation:

"That heretofore in certain actions pending in the courts of Stafford and Barton counties, wherein the said plaintiffs were plaintiffs and the said defendants were defendants, the said plaintiffs claimed to be the owners of the real estate described in the petition herein. That the said actions were duly tried and the court therein found that the defendant Mary Korzuszkiewicz was the lawful owner of all the real estate described in plaintiffs' petition herein and that the said plaintiffs had no right, title or interest in and to said real estate."

It was then alleged that by these actions it was finally adjudicated that plaintiffs had no interest in the real estate and that Mary Korzuszkiewicz was the owner thereof.

The reply of the plaintiffs was to the effect that the former adjudication was in an equitable suit brought to cancel the deeds to Mary, and upon the theory that the father was fraudulently procured to execute the deeds through misrepresentations and duress, and at a time when the father did not have sufficient mind and memory to execute deeds. It was further alleged that it had been since ascertained that the deeds were forgeries, that the name of the father had been signed by defendants to the instruments without

right or authority to do so, that the father never executed or consented to the execution of the deeds, but that they were fraudulently forged and placed on record by Mary, who was aided and abetted in the fraud and forgery by the other defendants. There was the further allegation that defendants concealed the crime, and hence plaintiffs did not learn that the instruments were forged until after October 15, 1923, and that in the former litigation the forgery of the deeds was not tried nor determined.

Before the trial begun the parties stipulated that as this case involved the question whether the deeds were forged or genuine instruments, and that as the genuineness of the conveyances and another writing of the father were involved in other actions in Barton and Stafford counties, those cases should be tried with this one and that the verdict of the jury as to the genuineness of the signatures of the father to the questioned instruments should be final and binding upon all of the parties. The verdict of the jury was general and in favor of the plaintiffs, finding that the instruments were forgeries.

Defendants appeal, alleging a number of errors. The most important one was the action of the court in excluding a record of the pleadings and files in former adjudications, one of which was an action in the form of ejectment brought on July 8, 1920, alleging that the deed of conveyance to Mary was null and void because her father was of unsound mind and incapable to make a deed of conveyance to her, that she obtained the conveyance by false representations, coercion and duress, and also that she induced him to make and deliver to her a pretended bill of sale which was invalid. The plaintiffs therefore asked that the deed be held null and void, and the real estate partitioned among the children, and also for an accounting of the rents and profits. In that case the decision was in favor of the defendants and against the charge that the deed was obtained by fraud or duress, and further that Mary was the owner in fee simple of all of the land, and of the personal property described in the bill of sale. The case was appealed to the supreme court and the judgment of the lower court affirmed. (*Winkler v. Korzuszkiewicz*, 112 Kan. 283, 211 Pac. 124.)

It is stated in the abstract that the same plaintiffs brought another action against the same defendants on April 20, 1923, alleging that the father of the parties had conveyed the land to Mary in trust for all the children, and that she had failed to carry out the trust. Among other defenses defendants pleaded a former adjudication.

On a motion of defendants, a judgment in their favor upon the pleadings was rendered.

On April 28, 1923, Mrs. Winkler filed a petition in the court in which she alleged that her father owned certain tracts of land, describing them, being the same property involved in the present action, alleging that she had a contract, by which for certain services to be rendered to her father she would inherit all of certain property, and an undivided one-ninth interest in the remainder, and that Mary had taken the deeds from her father without consideration, and with a knowledge of her contract with her father. The defense of former adjudication was set up by the defendants in that action, and it was decided that as she had been defeated in the former action she was estopped to retry the issue of ownership in that action. An appeal was taken from that judgment to this court wherein the judgment of the lower court was affirmed. (*Winkler v. Korzuszkiewicz,* 117 Kan. 261, 231 Pac. 46.)

The abstract shows that another case was brought on July 8, 1920, by Mrs. Tockert, one of the plaintiffs in the present case, against defendants in this action, in which she alleged that one tract of this land was bought with money furnished by her mother, that she had inherited it from her mother and asked that the title to the land be vested in her, and also for other relief. She alleged the execution of the deeds by her father to Mary, and that defendants unlawfully kept her out of possession of a quarter section of the land, being one involved in this action. That it had been acquired by her father with money given to him by her mother, and that her father had wrongfully taken the title in his own name instead of in the name of the mother, and she asked judgment for the recovery of the tract and for rents and profits. A general denial was filed in this action, and in August, 1920, the case was dismissed.

There is a contention that only the record of the first case mentioned was actually offered in evidence, and the transcript of the reporter fails to show that the records in the last three cases mentioned were offered. Counsel for defendants say that after the ruling on the admission of the first record he produced and offered in evidence the records and files in the remaining cases, calling the titles and numbers, whereupon the court remarked that his ruling would be the same in each of these offers, but the reporter did not include them in the report of the case. Whether or not the records of these cases were actually offered in evidence is immaterial as

the record of the first case was offered and rejected, and that offer raises the questions of *res judicata* and estoppel as completely as if all of the records had been offered and excluded. It is contended, however, by plaintiffs that the defendants did not plead this defense with sufficient detail and definiteness to warrant the admission of the record. That part of defendants' answer which has been heretofore stated is very brief and did not set out the titles of the cases adjudicated nor a summary of the pleadings and judgments therein. It did, however, state in general terms the parties, the issues tendered and the judgments rendered thereon. It may be noted that plaintiffs made no motion to make the answer more definite and certain in respect to this defense, but did accept the issues as tendered, and replied that in the suits pleaded the issues in this case were not litigated or determined. The familiarity of all of the parties with these actions and the many phases of the litigation which had been continued through a long period, probably accounts for the lack of attention to the meager statement of this defense. It was enough, however, to challenge a response by the plaintiffs, and they met the issue by a statement, not that the former actions were insufficiently pleaded, but rather that they did not constitute a conclusive adjudication of the issues in the present case. In this state of the case the plaintiffs were not in a position to object that evidence of a former adjudication was not admissible. Complaint is made of rulings on the admission of testimony as to the sufficiency of evidence, the overruling of a motion for a new trial and some procedural matters, but we will go at once to what is deemed to be the controlling question on this appeal, the effect of the former adjudication.

A preliminary question is raised that the rejected evidence of the former adjudication was not presented on the motion for a new trial and that under the code provision (R. S. 60-3004) error in excluding the evidence was not available. That is a good objection to the offer of the oral testimony of Mary Korzuszkiewicz, but it was not necessary that documentary evidence like the transcript of the proceedings and judgment in the former action which was presented to the court on the trial should be again presented on the motion for a new trial. The theory of the code provision is that the court should be informed what the proposed evidence is before passing on the motion for new trial. Where the evidence offered is documentary, the trial court is already informed as to its char-

acter and admissibility—as fully informed as it could be by affidavits or oral testimony. (*Treiber v. McCormack*, 90 Kan. 675, 136 Pac. 268; *Bank v. Seaunier*, 104 Kan. 7, 178 Pac. 289.)

On the merits of the question plaintiffs argue that the former adjudication is not a bar to this action, because in the former the question of the forgery of the deeds was not litigated and was not in fact known by plaintiffs until after the judgment in that case had been rendered. There was identity of parties in the two actions, and the question is, was there identity of the subject matter of the action, the issues in the cases. Both cases were tried in the same court, which is conceded to be a court of competent jurisdiction. The issue in the first case was the validity of the deeds under which claims of ownership were made, and the validity of the deeds was the essential element in the plaintiffs' cause of action in the instant case. The general rule is that a fact or question directly in issue and judicially determined in a former suit is conclusively settled by the judgment therein and cannot be relitigated between the same parties or their privies in the same or any other court upon either the same or a different cause of action. (34 C. J. 868, and cases cited.) Another rule of general application is:

"A judgment on the merits rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel not only as to every matter which was offered and received to sustain or, defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. In order, therefore, that this general rule, as to the operation of a judgment on the merits as an estoppel as to matters which might have been litigated, may apply a party must present in one action all the reasons, grounds and evidence which he may have in support of his claim or defense, and if he has several claims or titles to the property in controversy, he must assert them all." (34 C. J. 818.)

In the former action the plaintiffs attacked the validity of the deeds, alleging that their execution was procured by fraud, coercion and duress, when the grantor was mentally incapable. The defense was, and the court found, that the deeds were valid and vested title and ownership in the grantee, Mary. In the present action brought by the same plaintiffs against the same defendants, the deeds were again attacked for invalidity, in which plaintiffs alleged that the deeds were fraudulently forged. The essential element in the crime of forgery is fraudulent intent, and the plaintiffs in the present action pleaded and relied on the additional fraud of forgery in the

making of the instruments under which title and ownership was claimed. The fact or issue involved was therefore substantially the same as in the former suit—the title to the land. It was a different kind of fraud, it is true, but when a party brings an action assailing a deed under which ownership is claimed, he is bound to present all the evidence and grounds which exist to support his claim. When a judgment on the merits has been rendered, he is estopped to have another trial and to use additional evidence to obtain the same relief. In *Peterson v. Albach,* 51 Kan. 150, 32 Pac. 917, where the title and possession of land was involved, it was said that:

"Under the issues formed, a general finding and judgment will conclude Peterson on the question of title, and prevent him from thereafter asserting a claim of title, from whatever source it comes, which he had pending the action and prior to the judgment. Such a judgment would be *res adjudicata,* not only as to the matters actually considered and decided, but also as to every other matter which the parties might have litigated in the case, and which they might have had decided." (p. 152.)

In *Ullrich v. Bigger,* 81 Kan. 756, 106 Pac. 1073, the title of land was determined in an action, and the defeated party brought another suit claiming title under another right which existed when the first judgment was rendered. The court, after commenting on the rule that the plaintiff after contesting the question upon one theory of his legal right could not when defeated relitigate the question on another and contradictory theory because where the law gives a party several means of redress predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of others. The court further held that the plaintiff in the second action was doubly barred, as the matter of right and title was open to inquiry and decision in the first action and that he could not in the second bring forward facts pertaining to the issues which were open to trial in the first, citing *Dixon v. Caster,* 65 Kan. 739, 70 Pac. 871. It has been said:

"The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually contested and determined but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit; and it is also true that, where the second suit is upon the same cause of action, all matters which might have been litigated are conclusively settled by the judgment; and that generally the

estoppel applies where defenses which were available in the first action but not then set up are sought to be used in the second action either by way of defense or as the foundation of a claim for relief." (34 C. J. 909.)

Of course if acts occur or additional grounds come into existence after the judgment, they may form the basis of a new action, but plaintiffs cannot avoid the bar of a former adjudication by bringing forward in a second action new grounds for attacking the deeds in controversy or additional facts which existed when the first was decided. In *Winkler v. Korzuszkiewicz,* 117 Kan. 261, another of the cases in which the validity of the deeds involved here was in issue, the doctrine of *res judicata* was presented and that action was held to be barred by the former adjudication. Mrs. Winkler, one of the plaintiffs who was a plaintiff in the first action wherein she was defeated, claimed that the deed to Mary was void and that through a contract with her father she was to inherit a portion of the land at his death, and the question presented on the subsequent trial was held to be:

"May one who, claiming title to land as heir of an intestate, was defeated in an action of ejectment recover the land from the same occupant in a second action of ejectment based upon a claim of title by virtue of being the intestate's vendee?" (p. 263.)

In the former action she claimed the deed to Mary was invalid and was of no avail to her as against the plaintiff, alleging that she was an heir of the father and entitled to a share of the land, while in the second action she claimed that she was a purchaser and that the deed to Mary was an impediment to her ownership and possession which she contended should be cleared away. In the decision it was said:

"Plaintiffs' complaint in each case was that, having a title which carried with it right to possession, defendant kept her out of possession under a claim of ownership based on her father's deed. In the first suit, the court was asked to declare the deed to be ineffectual as a conveyance to defendant on stated grounds: The grantor was not mentally competent to convey; he was unduly influenced; he acted under duress; and he was deceived by fraudulent representations. (p. 264.) In that suit the court found the stated grounds of invalidity did not exist, and made the following finding of fact relating to ownership:

" 'On the 8th day of November, 1917, the defendant, Mary Korzuszkiewicz, the youngest child of all the children, became the owner by deed of general warranty of all the land owned by her father. . . .'

"In the present suit, plaintiff attaches a supplement to the list of grounds for declaring the deed to be ineffectual as a conveyance to defendant: The

grantor had previously conveyed to plaintiff, and defendant was not an innocent purchaser. If the contentions made in the first action are consistent with the contention made in this action defendant's ownership of the land by virtue of the deed is *res judicata*. Plaintiff was not privileged to attack the same deed in one action for incompetency of the grantor, in a second action for undue influence, and so on through the supplemented list. She was required to urge all grounds for declaring the deed to be ineffectual as a conveyance, in one suit." (*Winkler v. Korzuszkiewicz,* 117 Kan. 264, 231 Pac. 46.)

So, here, the plaintiffs are not privileged to attack the deeds upon one ground and prosecute the action to an adverse decision and afterwards assail the deeds in a second action upon another ground where the facts are the same as they were when the first was decided. The ground of forgery alleged in the later action, if it was committed, is only an additional ground or reason for holding that the title or ownership was not conveyed to Mary by the deeds. Title and ownership under the deeds was the ultimate fact for determination in both cases. A forgery being a public offense may be regarded as a stronger ground for avoiding the deeds than the frauds alleged in the first action, but it was only another ground, an additional reason for determining whether or not the deeds were void and in whom the ownership of the land was vested. In discussing the effect of a judgment as a bar or estoppel against the prosecution of a second action between the same parties upon the same claim the supreme court of the United States referred to the ground of forgery not established on the former trial, and in speaking of an adjudication said:

"It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defences actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defences were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is conclusive, so far as future proceedings at law are concerned, as though the defenses never existed." (*Cromwell v. County of Sac,* 94 U. S. 351, 352.)

Plaintiffs allege that they did not learn of the forgery until October 15, 1923, and they advance that as a reason why the estoppel should not be applied to them. We think the circumstances do not have that effect. The deeds were executed in 1918, and in the five

years that elapsed between the execution of the deeds and the alleged discovery of the forgery, there was opportunity to ascertain the facts in that respect. We see nothing indicating a purpose on the part of the grantee in the deeds to conceal the circumstances of the execution of the deeds, and it appears that litigation between the parties respecting them has been in progress most of the time since the death of their father. If an action had been brought to set them aside for fraudulent misrepresentations which failed, it would hardly be contended that another action could be brought to annul them on the ground that they were executed through duress, and no more are they open to a second attack for the fraud of forgery where it had previously been adjudicated that they were valid in an attack on the ground of fraud. The principle of the doctrine of former adjudication is founded upon public policy to the effect that parties ought not to be permitted to litigate the same issue more than once, that when an issue is once decided it is finally decided.

We conclude that the evidence offered of the former adjudication was admissible and its exclusion reversible error. For that reason the judgment is reversed and the cause remanded for a new trial.