No. 27,991.

THE FONTRON LOAN AND TRUST COMPANY, Administrator of the
Estate of Kazmier Korzuszkiewicz, Deceased, *Appellant,* v. MARY
KORZUSZKIEWICZ et al., *Appellees.*

(266 Pac. 649.)

SYLLABUS BY THE COURT.

1. GIFTS—*Gifts Inter Vivos—Delivery.* A gift *inter vivos* of cattle in posses-
sion of the donor may be consummated by delivery of a bill of sale of the
cattle to the donee without delivery of the cattle.

2. STIPULATIONS—*Matters Concluded.* A stipulation that a question of fact
shall be determined according to the verdict and final judgment in another
case is not conclusive of the question without final judgment on the verdict
in the other case.

3. LANDLORD AND TENANT—*Action for Rent—Evidence.* Assignments of error
requiring examination of evidence considered, and held to be without sub-
stantial merit.

Appeal from Stafford district court; ROSCOE H. WILSON, judge *pro tem.*
Opinion filed April 7, 1928. Affirmed.

*F. L. Martin* and *James N. Farley,* both of Hutchinson, for the appellant.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson,
for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the administrator of the estate
of Kazmier Korzuszkiewicz to recover the value of property owned
by decedent in his lifetime and converted by defendants, and to
recover unpaid rent of land accruing to the decedent in his life-
time. Judgment was rendered for defendants, and plaintiff appeals.

Korzuszkiewicz died intestate on May 24, 1920. Litigation re-
lating to his estate followed, and this is the fourth appeal to this
court. The cases previously decided are: *Winkler v. Korzusz-
kiewicz,* 112 Kan. 283, 211 Pac. 124; id., 117 Kan. 261, 231 Pac. 46;
id., 118 Kan. 470, 235 Pac. 1054.

The administrator sought to recover from Mary Korzuszkiewicz
the value of fifty-four head of cattle. In November, 1918, her father
gave Mary a bill of sale of the cattle. The administrator contends

Appeal and Error, 4 C. J. p. 880 n. 94.  Gifts, 28 C. J. p. 637 n. 21.  Stipula-
tions, 36 Cyc. p. 1292 n. 69.

the bill of sale shows a gift of the cattle and the gift was not completed by delivery. Delivery of the written instrument consummated the gift, without delivery of the cattle. ("Delivery in Gifts of Chattels," by Philip Mechem, 21 Ill. Law Rev. 576 *et seq.*)

The administrator contends Korzuszkiewicz's signature to the bill of sale was forged. No evidence of forgery was introduced at the trial. The administrator relied on a stipulation that the question whether the signature was forged should be determined by verdict and final judgment in another Korzuszkiewicz case involving genuineness of signatures to deeds of land. The verdict in that case was that the deeds were forgeries, and judgment was rendered accordingly. The judgment, however, was reversed, and a new trial was ordered by this court. (*Winkler v. Korzuszkiewicz*, 118 Kan. 470, 235 Pac. 1054.) Therefore both conditions of the stipulation essential to conclusiveness, verdict and judgment, are absent.

To sustain the cause of action for rent it was necessary to prove that proceeds of the sale of crops had not been accounted for. Plaintiff admits the evidence was unsatisfactory. It would serve no useful purpose to give space to the evidence and to a discussion of it here. The court has canvassed the evidence, and is not able to declare the district court erred in concluding plaintiff had not established right to recover any definite sum.

Mary was allowed to keep a Liberty bond which the administrator sought to recover, on her own testimony, which the court appears to have believed.

The judgment of the district court is affirmed.