No. 31,142

MILDRED E. KIRKPATRICK, *Appellee*, v. MARIE WICKWIRE, now MARIE WICKWIRE KIRKPATRICK, *Appellant*.

(25 P. 2d 371.)

Opinion filed October 7, 1933.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellant.

*Arch L. Taylor, Morris Johnson* and *F. J. Brettle,* all of Salina, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for alienation of affections. Judgment was rendered in favor of plaintiff, and defendant appeals. The specifications of error covered and the questions argued are the correctness of the lower court's rulings on (1) defendant's demurrer to plaintiff's evidence, (2) admission of testimony, (3) exclusion of testimony, (4) misconduct of the jury and (5) that the judgment is not supported by the evidence and is improper in form.

With reference to the demurrer to the plaintiff's evidence, it is argued that there was no evidence that defendant in any manner alienated the plaintiff's husband by giving him presents, entertaining him, or in any way doing anything which had the effect of making him think the less of plaintiff and the more of defendant, and that there is complete absence of evidence to support the allegations of the petition of "artful words and blandishments and amorous and cunning conduct," and that the evidence shows the defendant was the pursued and not the pursuer.

For the purpose of ruling on the demurrer, the evidence favorable to plaintiff must be taken as true, and any intendments and implications therefrom must be construed favorably to her. It might be here remarked that much testimony of plaintiff with respect to communications between her and her husband was admitted in evidence, no objection thereto being made by defendant.

To determine the sufficiency of the testimony as against the demurrer, a brief review shows that plaintiff and Leroy E. Kirkpatrick were married in 1924, and had one child; that prior to May, 1929, Kirkpatrick had been employed in Salina, Manhattan and Wichita and in Minneapolis, Minn. In May, 1929, he obtained employment in Larned, where Marie Wickwire, a widow, and defendant here, kept roomers in her dwelling house. Kirkpatrick rented a room at defendant's house June 29, 1929. Almost immediately, Kirkpatrick and defendant spent much time in each other's company, sat on defendant's porch together many nights until as late as two a. m., went riding together in a motor car, and on at least one occasion went swimming together; that they were seen together one evening in a hotel at Great Bend, at which time Kirkpatrick sought to avoid being recognized by a mutual friend of himself and plaintiff, and

the next day he told the friend she could tell plaintiff about seeing him with defendant, "because I don't give a damn." On July 3, plaintiff went to Larned to see her husband and went to defendant's house where her husband was rooming. When plaintiff arrived, Kirkpatrick, dressed in a bath robe, answered the door. Defendant came in later. At that time both her husband and defendant smelled of liquor; her husband went to the kitchen and got a bottle of liquor, which defendant served; that the same evening plaintiff and her husband went to a party at a neighboring house, and, missing her husband, she went to look for him and found him over on defendant's porch holding hands with defendant; that she and her husband returned to the party and her husband again left, returning later with defendant; that they went to a hotel in Larned for the night, when plaintiff's husband upbraided her for coming, as she had spoiled a good day for him by coming down there; that prior to July 1, 1929, he had been an affectionate husband, but thereafter he became increasingly cold and indifferent; that on October 23, 1929, her husband having been transferred to Dodge City, she went there to see him at his hotel; he was not there; she looked at the hotel register and discovered he had been there the preceding two or three days, registered as "Mr. and Mrs. Leroy Kirkpatrick"; that she telephoned him at defendant's home and demanded he come to Dodge City; he came and they engaged in an argument concerning the hotel register; that during the argument he told her he was happier with defendant than with plaintiff, that defendant was the woman who was registered with him, and he explained the delights of staying with defendant in a manner not necessary to detail here. As has been noted, no objection was made to the competency of plaintiff to testify to communications between the plaintiff and her former husband. There was other evidence showing that ultimately support ceased and that she sued for and obtained a divorce, and there was also testimony of other witnesses tending to corroborate the above. It may here be noted that after plaintiff rested her case she withdrew her charge of criminal conversation between her former husband and the defendant. This did not, however, take out of consideration the matters of sexual intimacy, testimony concerning which had been received, for such testimony had a tendency to prove acts which would alienate the affections of plaintiff's husband. And prior to the demurrer the defendant made no request that such testimony be withdrawn and the jury instructed to disregard it.

Under the circumstances, as against a demurrer, plaintiff's testimony was sufficient and the lower court's ruling was correct. (*Burch v. Goodson*, 85 Kan. 86, 116 Pac. 216.)

On the question of admission of incompetent testimony, the objection covers specifically two matters. Plaintiff testified that defendant was at the home in Salina on July 8, 1929, and after arising, at the breakfast table her husband called her "Marie" and that she asked who Marie was. In an action for alienation of affections the plaintiff was incompetent to testify to the above, or to any other communication made by one to the other while the marriage relation existed, either while it subsisted or afterward. (See R. S. 60-2805, ¶ 3; *Roesner v. Darrah*, 65 Kan. 599, 70 Pac. 597; 13 R. C. L. 1478, and see notes 2 L. R. A., n. s., 708, 39 L. R. A., n. s., 315.) The objection as to the entry on the hotel register was to the effect that it was not the best evidence. It was not, but any error on account of its admission is not shown to have been prejudicial.

In so far as rejection of evidence is concerned, appellee raises the question that such rejected evidence was not properly produced on hearing of the motion for a new trial and cannot be now considered. The proffered evidence was a certified copy of the pleadings and judgment in the divorce suit of plaintiff from Kirkpatrick, some evidence included in a deposition and some evidence admitted and subsequently stricken out. The rule requiring evidence excluded at the trial to be produced upon hearing of a motion for a new trial (R. S. 60-3004) does not apply to depositions or to documentary evidence or to testimony received and thereafter stricken out. (See *Treiber v. McCormack*, 90 Kan. 675, 136 Pac. 268; *Bank v. Seaunier*, 104 Kan. 7, 178 Pac. 239; *Winkler v. Korzuszkiewicz*, 118 Kan. 470, 235 Pac. 1054; *City of McPherson v. Stucker*, 122 Kan. 595, 256 Pac. 963; *Berb v. Citizens State Bank*, 127 Kan. 354, 273 Pac. 462.) The question is properly before us.

Plaintiff produced evidence of the love and affection Kirkpatrick had for her up to the time of his meeting the defendant; that he wrote her letters, seven of which were received in evidence, two without objection and five over defendant's objection, all written between June 5 and October 29, 1929, and offered to show the love and affection which Kirkpatrick had for plaintiff and their child. There was testimony also tending to show the state of mind of Kirkpatrick before and after his acquaintance with defendant. Defendant had a right to rebut this showing, and further to show that

if Kirkpatrick had become alienated from the plaintiff she was not responsible. To do this she offered in evidence a certified copy of the petition, poverty affidavit and journal entry of judgment in a divorce action wherein the plaintiff here sued for and obtained a judgment for divorce against Leroy E. Kirkpatrick. The court trying the divorce suit found that the allegations of the petition were true. In the petition it was alleged that Kirkpatrick had called her vile and infamous names and had accused her of infidelity; had told her he would never live with her, and that although he was an able-bodied man he had failed and refused to support her, except partially, and that she had been compelled to rely upon the charity of friends and relatives, and that for two years last past he had neglected and refused to provide a home for her, etc.

Of course, these documents were not admissible to prove the truthfulness of the statements in them, but one of the principal elements of the case at bar was the mental state of Kirkpatrick when he left the plaintiff. Plaintiff testified fully on the trial to her then version of affairs, and no good reason appears, nor is there any, why her sworn petition made and filed after the claimed alienation, and putting forth another and different version, should not have been submitted to the jury for its consideration. Its exclusion was error. (See *Barry v. Cheuvront,* 135 Kan. 728, 733, 12 P. 2d 823.) Plaintiff had testified her husband told her that he and the defendant were at a hotel together. The defendant, testifying in her own behalf, denied she was at the hotel at the particular time. On objection, the denial was stricken out. Plaintiff's evidence was incompetent, but was admitted without objection, and under the circumstances the defendant should have been permitted to deny the charge.

The claimed misconduct of the jury is based on a contention that the verdict was a "quotient" verdict. The defendant filed an affidavit signed by ten jurors, verified by only three of them, tending to show that a quotient verdict was rendered; the plaintiff countered with an affidavit signed and verified by all of the jurors and by oral testimony which put a different version on the matter. The trial court, by overruling defendant's motion for a new trial, in effect found the verdict was properly reached and that finding is binding here. An examination of the affidavits considered in connection with the oral proof shows that the trial court's ruling was correct. (*Hamilton v. Railway Co.,* 95 Kan. 353, 357, 148 Pac. 740.)

The last complaint is based on the contention that certain attached properties should have been ordered sold separately instead of together. In view of our disposition of the appeal, the matters complained of become immaterial.

For errors in the admission and rejection of evidence, the judgment of the lower court is reversed and the cause is remanded for a new trial.