**MITCHELL v. STANOLIND PIPE LINE CO.**

No. 4083.

United States Court of Appeals
Tenth Circuit.

Oct. 25, 1950.

Abraham Weinlood, Hutchinson, Kan. (Don Shaffer, Hutchinson, Kan., on the brief), for appellant.

George C. Spradling, Wichita, Kan. (T. W. Arrington, Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellant brought this action in the District Court of Reno County, Kansas, to recover damages growing out of his discharge from the employment of appellee. The case was removed to the United States District Court for the District of Kansas on the ground of diversity. That court sustained a motion to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. This appeal followed.

The complaint sets forth in substance that plaintiff had been in the employ of the defendant for a long period of time and had during such employment acquired certain rights provided for by the company including retirement at the age of 65; that during this employment plaintiff contemplated an action against a fellow employee to recover damages caused by an assault and battery upon the person of the plaintiff; that defendant had advised the plaintiff that if the action was brought he would be discharged from his employment; that such action was brought against the fellow employee and defendant immediately discharged the plaintiff. Damages were claimed for loss of wages, impairment of health and exemplary damages.

The plaintiff concedes that the employment was for an indefinite period and recognizes the American rule in such cases that the employment is terminable at the will of either party. Boatright v. Steinite Radio Corp., 10 Cir., 46 F.2d 385; Littell v. Evening Star Newspaper Co., 73 App. D.C. 409, 120 F.2d 36; Swart v. Huston, 154 Kan. 182, 117 P.2d 576; Restatement, Agency, Sec. 442; 35 Am.Jur., Master and Servant, Sec. 19; Anno. 161 A.L.R. 709. Plaintiff, however, presents a novel theory that the complaint is not based upon an unlawful discharge but is an action to recover damages for interference with plaintiff's right as a citizen to sue in the courts for redress of wrongs. The discharge cannot be so easily disassociated from the plaintiff's claim. He sought legal redress in the courts for his injury, Mitchell v. Dawson, 164 Kan. 630, 191 P.2d 913, contrary to the advice of the defendant and consequently had he not been discharged he would have suffered no loss. Plaintiff had a right to seek this redress but he had no inherent right to do so and remain in the employ of the defendant. He was given an alternative to either give up his proposed action or lose his job. He was at liberty to choose the action which he thought best from the standpoint of his own interests. It was his choice to make and he made it voluntarily. It is not the function of the courts in the absence of a contract to compel a person to accept or retain another in his employ, nor is it the function of the courts to compel any person against his will to remain in the employ of another. Coppage v. State of Kansas, 236 U.S. 1, 35 S.Ct. 240, 59 L.Ed. 441; Adair v. United States, 208 U.S. 161, 174, 28 S.Ct. 277, 52 L.Ed. 436. This leaves only the question of whether defendant owed plaintiff any legal duty to retain him in its employ. No claim is made that the discharge was in violation of any right given the plaintiff by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., or by any state law. No question of public health, safety or welfare is involved so we have no difficulty in determining that the complaint did not state a cause of action. In the absence of a contract or statutory provision an employer may discharge an employee without cause or reason and owes no duty to continue the employment of an employee. 35 Am.Jur., Master and Servant, Sec. 34.

Judgment is affirmed.